Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Charles Linehan (SBN 307439)
  clinehan@glancylaw.com
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Albert F. Chan*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR NUNEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SKYWORKS SOLUTIONS, INC., LIAM K. GRIFFIN, and KRIS SENNESAEL,<br><br>Defendants. | Case No. 8:25-cv-00411-DOC-JDE<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF ALBERT F. CHAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CO-LEAD COUNSEL**<br><br>Date:      June 2, 2025<br>Time:     8:30 a.m.<br>Crtrm.:  10A<br>Judge:   Hon. David O. Carter |
| VLADIMIR TSVETKOV, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SKYWORKS SOLUTIONS, INC., LIAM K. GRIFFIN, and KRIS SENNESAEL,<br><br>Defendants. | Case No. 8:25-cv-00863-JAK-ADS |

Albert F. Chan ("Chan") submits this memorandum of law in support of his motion to consolidate the above-captioned actions, to appoint Chan as Lead Plaintiff, and to approve Glancy Prongay & Murray LLP ("GPM") and Holzer & Holzer, LLC ("Holzer") as Co-Lead Counsel pursuant to Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4), on behalf of a putative class (the "Class") of investors who purchased Skyworks Solutions, Inc. ("Skyworks" or the "Company") securities or call options, or sold Skyworks put options, between August 8, 2023 to February 5, 2025, inclusive (the "Class Period").

## I.     PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Chan is the "most adequate plaintiff" as defined by the PSLRA.

Chan has "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Chan satisfies the relevant requirements of Rule 23, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Chan respectfully submits that he is the presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, Chan's selection of GPM and Holzer as Co-Lead Counsel for the Class should be approved because the firms collectively have substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

Skyworks is a developer, manufacturer, and provider of analog and mixed-signal semiconductor products and solutions for numerous applications, including aerospace, automotive, broadband, cellular infrastructure, connected home, defense, entertainment and gaming, industrial, medical, smartphone, tablet, and wearables.

The complaints filed in the above-captioned actions allege that throughout the Class Period the defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies by failing to disclose to investors that: (1) its long-standing relationship with Apple, its largest customer, did not guarantee that Apple would maintain its business relationship with Skyworks for its anticipated iPhone launch; (2) Defendants oversold Skyworks' position and ability to capitalize on AI in the smartphone upgrade cycle; and (3) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

On February 5, 2025, Skyworks released its first quarter 2025 financial results, reporting a greater than anticipated decline in quarterly revenue and providing lower guidance for the second quarter than expected. The Company attributed the results to a "competitive landscape" that had "intensified" in recent years.

On this news, Skyworks' stock price fell $21.48, or 24.7%, to close at $65.60 per share on February 6, 2025, thereby injuring investors.

As a result of Defendants' wrongful acts and omissions, Chan and members of the class have suffered significant losses and damages.

## III.    PROCEDURAL HISTORY

On March 4, 2025, Plaintiff Cesar Nunez commenced the first-filed securities class action against Skyworks and certain of its officers and directors, captioned *Nunez v. Skyworks Solutions, Inc.,* No. 8:25-cv-00411-DOC-JDE (the "*Nunez*

Action"). It was brought pursuant to the Exchange Act on behalf of acquirers of Skyworks securities between July 30, 2024 to February 5, 2025, inclusive.

On April 25, 2025, Plaintiff Vladimir Tsvetkov filed a substantially similar class action, captioned *Tsvetkov v. Skyworks Solutions, Inc.*, No. 8:25-cv-00863-JAK-ADS (the "*Tsvetkov* Action" and together with the *Nunez* Action, the "Related Actions"). It was brought pursuant to the Exchange Act on behalf of persons and entities that purchased or otherwise acquired Skyworks securities between August 8, 2023 to February 5, 2025.

## IV. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present substantially identical legal theories. Each action alleges violations of the Exchange Act, each presents the same theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

### B. Chan Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *3 (C.D. Cal. Sept. 29, 2017).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Chan has complied with all the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff. Chan, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Rule 23, and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Chan respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1.    Chan Filed A Timely Motion

On March 4, 2025, notice was published in connection with the first-filed action. *See* Declaration of Charles H. Linehan in Support of the Motion of Chan for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Co-Lead Counsel ("Linehan Decl."), Ex. A. Therefore, Chan had sixty days (*i.e.*, until May 5, 2025), to file a motion to be appointed as Lead Plaintiff. As a purchaser of

Skyworks securities during the Class Period, Chan is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice in compliance with the first PSLRA requirement. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Chan attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the Class. *See* Linehan Decl., Ex. B. Accordingly, Chan satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2. Chan Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires that courts adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added). Courts in this Circuit often rely on the retained shares method to calculate financial interest. *See Foster v. Maxwell Techs., Inc.*, 2013 WL 5780424, at *3 (S.D. Cal. Oct. 24, 2013) ("[T]his Court has adopted the retained share methodology."); *In re Lyft Sec. Litig.*, 2020 WL 1043628, at *4 (N.D. Cal. Mar. 4, 2020) (recognizing that some courts have applied the retained shares method, and adopting the method). The retained shares method "looks to the shares purchased during the class period and retained at the end of the class period and calculates the total net loss considering only those securities." *Id.*; *see also In re AudioEye, Inc. Sec. Litig.*, 2015 WL 13654027, at *5 (D. Ariz. Aug. 3, 2015) ("This Court will follow the Ninth Circuit cases that have held that, when calculating lead plaintiff movant's losses . . . any loss or gain on pre-disclosure sales will be disregarded.").

At the time of this filing, Chan believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff." Chan purchased Skyworks securities and was impacted by Defendants' misstatements and omissions, ,

suffering financial harm of approximately $128,550.34 as a result thereof. *See* Linehan Decl., Ex. C. To the best of his knowledge, Chan is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Chan believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. Chan Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at

730)); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

### a)      Chan's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id*. (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Chan's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Chan suffered losses as a result of his Skyworks transactions during the Class Period. Like all members of the Class, Chan alleges that the Defendants violated federal securities laws by disseminating materially misleading statements concerning Skyworks's operations and financial prospects. Chan's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of Skyworks's stock price caused by the Defendants' alleged misrepresentations and omissions. Accordingly, Chan's interests and claims are typical of the interests and claims of the Class.

### b)      Chan Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's

interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv-8007, 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004).

Here, Chan easily satisfies the adequacy requirements. Chan's financial interest demonstrates that he has sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Chan is] antagonistic to other members of the class or [his] attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Moreover, Chan has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. D and E (GPM and Holzer firm résumés). Chan resides in Plano, Texas. Chan is not aware of any conflict between his claims and those asserted on behalf of the Class. As such, Chan is adequate to represent the Class, and should be appointed as lead plaintiff.

**C.      The Court Should Approve Lead Plaintiff's Choice Of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. Here, Chan has retained GPM and Holzer to pursue this litigation on his behalf and will retain the firm as co-lead counsel in the event Chan is appointed as lead plaintiff. As reflected by the firm's résumés, attached to the Linehan Declaration as Exhibits D and E, the Court may be assured that, by granting Chan's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Chan's selection of counsel.

## V.    CONCLUSION

For the foregoing reasons, Chan respectfully asks the Court to grant his Motion and enter an Order: (1) consolidating the Related Actions; (2) appointing Chan as Lead Plaintiff; (3) approving Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as Co-Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

DATED:  May 5, 2025                             Respectfully submitted,

                                                **GLANCY PRONGAY & MURRAY LLP**
                                                By:   */s Charles H. Linehan*
                                                Robert V. Prongay
                                                Charles H. Linehan
                                                Pavithra Rajesh
                                                1925 Century Park East, Suite 2100
                                                Los Angeles, California 90067
                                                Telephone: (310) 201-9150
                                                Facsimile: (310) 201-9160
                                                Email:  clinehan@glancylaw.com

                                                **HOLZER & HOLZER, LLC**
                                                Corey D. Holzer
                                                211 Perimeter Center Parkway, Suite 1010
                                                Atlanta, Georgia 30346
                                                Telephone: (770) 392-0090
                                                Facsimile: (770) 392-0029

                                                *Counsel for Albert F. Chan and Proposed Co-Lead Counsel for the Class*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Albert F. Chan, certifies that this brief contains 2,631 words, which complies with the word limit of L.R. 11-6.1.

DATED: May 5, 2025                          *s/ Charles H. Linehan*
                                            Charles H. Linehan

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On May 5, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 5, 2025, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan