ROBBINS GELLER RUDMAN
    & DOWD LLP
DANIELLE S. MYERS (259916)
JENNIFER N. CARINGAL (286197)
MICHAEL ALBERT (301120)
KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CESAR NUNEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SKYWORKS SOLUTIONS, INC., et al.,<br><br>Defendants. | Case No. 8:25-cv-00411-DOC-JDE<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>DATE: June 2, 2025<br>TIME: 8:30 a.m.<br>CTRM: 10A<br>JUDGE: Hon. David O. Carter |

4911-5752-5055

## I. INTRODUCTION

Two related securities class action lawsuits (the "Related Actions") are pending before this Court, brought on behalf of all purchasers of Skyworks Solutions, Inc. ("Skyworks" or the "Company") securities between August 8, 2023 and February 5, 2025, inclusive (the "Class Period").[1] The complaints allege similar claims against defendants under the Securities Exchange Act of 1934 (the "Exchange Act").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, because common questions of law and fact are involved in the Related Actions, consolidation is appropriate. *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, Genesee County Employees' Retirement System, Charter Township of Clinton Police and Fire Retirement System, and Clinton Township Retiree Health Care Trust (collectively, the "Michigan Pension Funds") should be appointed lead plaintiff because they filed a timely motion, have the largest financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u 4(a)(3)(B)(iii). In addition, the Michigan Pension Funds' selection of Robbins Geller

---

[1] The Related Actions are *Nunez v. Skyworks Solutions, Inc.*, No. 8:25-cv-00411 (C.D. Cal. filed Mar. 4, 2025); and *Tsvetkov v. Skyworks Solutions, Inc.*, No. 8:25-cv-00863 (C.D. Cal. filed Apr. 25, 2025). The *Nunez* Action alleges a class period of July 30, 2024 to February 5, 2025, while the *Tsvetkov* Action alleges a class period of August 8, 2023 to February 5, 2025. "'[C]ourts usually . . . use the most inclusive class period and select as lead plaintiff the movant with the largest financial interest under that period.'" *Duffaydar v. Sonder Holdings Inc.*, 2024 WL 4454910, at *3 (C.D. Cal. Oct. 9, 2024) (citation omitted). As such, the Michigan Pension Funds submit the longer alleged *Tsvetkov* class period is the proper class period for purposes of this motion.

- 1 -

Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.    FACTUAL BACKGROUND[2]

Headquartered in Irvine, California, Skyworks is a developer, manufacturer, and provider of analog and mixed-signal semiconductor products and solutions for numerous applications, including aerospace, automotive, broadband, cellular infrastructure, connected home, defense, entertainment and gaming, industrial, medical, smartphone, tablet, and wearables. The Company's stock trades on the NASDAQ under symbol SWKS.

The complaints allege that defendants that defendants throughout the class period made false and/or misleading statements and/or failed to disclose that: (i) defendants created the false impression that they possessed reliable information pertaining to Skyworks' projected revenue outlook and anticipated growth while also minimizing risk from smartphone upgrade cycles and macroeconomic fluctuations; (ii) Skyworks' optimistic reports of growth, earnings potential, and anticipated margins fell short of reality as they relied far too heavily on the Company's partnership with its largest customer and launch of that customer's newest phone; and (iii) Skyworks was not equipped to execute on their perceived growth potential.

On February 5, 2025, Skyworks announced its financial results for the first quarter of fiscal year 2025 and provided lower-than anticipated revenue guidance for the second quarter of fiscal year 2025, attributing the results and low guidance to a "competitive landscape" that had "intensified" in recent years. ECF 1 at ¶4. On this news, the price of Skyworks stock fell more than 24%.

---

[2]    While the Related Actions allege substantively similar facts, these allegations are based on the *Tsvetkov* complaint.

As a result of defendants' alleged wrongful acts and omissions and the decline in the value of Skyworks securities, the Michigan Pension Funds and class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a).

Here, the Related Actions each assert claims on behalf of purchasers of Skyworks securities during overlapping periods against the same defendants for alleged violations of the federal securities laws.  Consolidation will prevent needless duplication and possible confusion, as well as potentially inconsistent jury verdicts. There is also little or no risk of prejudice to the parties from consolidation.  *See generally Lloyd v. CVB Fin. Corp.*, 2011 WL 13128303, at *3 (C.D. Cal. Jan. 21, 2011).

Accordingly, the Court should consolidate the Related Actions.

### B.    The Michigan Pension Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as

- 3 -

4911-5752-5055

lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on March 4, 2025 via *Globe Newswire*. *See* Declaration of Kenneth P. Dolitsky in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Dolitsky Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa)   has either filed the complaint or made a motion in response to a
> notice . . .;
> (bb)   in the determination of the court, has the largest financial interest
> in the relief sought by the class; and
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal
> Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). The Michigan Pension Funds meet these requirements and should therefore be appointed as Lead Plaintiff.

### 1.     This Motion Is Timely

The March 4, 2025 statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, and the right to move the Court for appointment as lead plaintiff by May 5, 2025. *See* Dolitsky Decl., Ex. A. Because the Michigan Pension Funds' motion has been timely filed, they are eligible for appointment as lead plaintiff.

### 2.     The Michigan Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and loss chart, the Michigan Pension Funds suffered approximately $390,455 in losses as a result of defendants' alleged misconduct pursuant to the Exchange Act. *See* Dolitsky Decl., Exs. B, C. To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial

4911-5752-5055

interest.  Therefore, the Michigan Pension Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3.    The Michigan Pension Funds Satisfy the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). Importantly, a "'wide-ranging analysis under Rule 23 is not appropriate [at the initial stage of the litigation] and should be left for consideration on a motion for class certification.'"  *Lloyd*, 2011 WL 13128303, at *5 (citation omitted).

"'Under [Rule 23's] permissive standards, representative claims are "typical" if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.'"  *Id.* (citation omitted).  Here, like all other class members, the Michigan Pension Funds purchased Skyworks securities at allegedly inflated prices and suffered damages when defendants' alleged misconduct was revealed.  Dolitsky Decl., Exs. B, C.  "The typicality requirement thus appears to be satisfied because [their] claims arise 'from the same event[s] or course of conduct that gives rise to the claims of other class members,' and are 'based on the same legal theory.'"  *Lloyd*, 2011 WL 13128303, at *6 (citation omitted).

"The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive." *Id*.  Here, the Michigan Pension Funds' substantial stake in the outcome of the case

- 5 -

4911-5752-5055

indicates that they have the requisite incentive to vigorously represent the class's claims.

Further, any Court-appointed lead plaintiff must have sufficient resources and experience to play a meaningful role in managing the litigation and supervising counsel. Serving public servants in their respective counties and townships in Michigan, the Michigan Pension Funds are public pension funds collectively managing hundreds of millions of dollars for the benefit of their thousands of participants, beneficiaries, and retirees. *See* Dolitsky Decl., Ex. D at ¶¶ 2-4.

As institutional investors, the Michigan Pension Funds are precisely the type of investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See generally In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members.").

As set forth in greater detail in the Joint Declaration submitted herewith, the Michigan Pension Funds understand the obligations of a lead plaintiff to absent class members under the PSLRA and are willing and able to undertake the responsibilities of lead plaintiff in this litigation to ensure vigorous and efficient prosecution. *See* Dolitsky Decl., Ex. D. Before seeking a role as lead plaintiff, representatives of the Michigan Pension Funds held a conference call to discuss, among other things, the merits of the claims, as well as their common goals and strategy for the joint prosecution of the action. *See id.* Thus, the Michigan Pension Funds have the incentive and commitment to vigorously prosecute the action in a cohesive and coordinated fashion, and the ability to supervise and monitor counsel.

Finally, the Michigan Pension Funds have selected qualified counsel to represent them and the putative class. *See* §III.C., *infra*. As such, the Court should find that the adequacy requirement has been met.

- 6 -

4911-5752-5055

Because the Michigan Pension Funds filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

### C.    The Court Should Approve the Michigan Pension Funds' Selection of Counsel

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. In this case, the Michigan Pension Funds have selected Robbins Geller as Lead Counsel.[3]

Robbins Geller, a 200-attorney nationwide law firm with offices in California, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (noting that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature").  Robbins Geller has obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[4]

---

[3]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com.  A paper copy of the Firm's resume is available upon the Court's request, if preferred.

[4]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth

- 7 -

4911-5752-5055

Based upon their counsel's extensive experience and proven track record in securities class actions, the Michigan Pension Funds' selection of counsel is reasonable and should be approved.

## IV.    CONCLUSION

The Related Actions involve common factual and legal questions and should be consolidated.  In addition, the Michigan Pension Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the Michigan Pension Funds respectfully request that the Court grant their motion for consolidation, appointment as lead plaintiff, and approval of their selection of lead counsel.

DATED:  May 5, 2025                              Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
KENNETH P. DOLITSKY


                                                    s/ Kenneth P. Dolitsky
                                            KENNETH P. DOLITSKY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 8 -

4911-5752-5055

Proposed Lead Counsel for Proposed Lead Plaintiff

VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the Michigan Pension Funds, certifies that this brief contains 2,076 words, which complies with the word limit of L.R. 11-6.1.

DATED:  May 5, 2025

s/ Kenneth P. Dolitsky
KENNETH P. DOLITSKY

- 9 -

4911-5752-5055