**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3481

*Counsel for Proposed Lead Plaintiff
Louisiana Sheriffs' Pension & Relief Fund*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| CESAR NUNEZ, Individually and on Behalf of All Others Similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SKYWORKS SOLUTIONS, INC., LIAM K. GRIFFIN, AND KRIS SENNESAEL,<br><br>Defendants. | Case No. 8:25-cv-00411-DOC-JDE<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF LOUISIANA SHERIFFS' PENSION & RELIEF FUND FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS**<br><br>Date: June 2, 2025<br>Time: 8:30 a.m.<br>Courtroom: 10A<br>Judge: Hon. David O. Carter |
| VLADIMIR TSVETKOV, Individually and on Behalf of All Others Similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SKYWORKS SOLUTIONS, INC., LIAM K. GRIFFIN, and KRIS SENNESAEL,<br><br>Defendants. | Case No. 8:25-cv-00863-JAK-ADS |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………ii

I.      PRELIMINARY STATEMENT ................................................................1

II.     SUMMARY OF THE ACTION...............................................................3

III.    ARGUMENT ...........................................................................................4

     A.    Louisiana Sheriffs is The Most Adequate Plaintiff..............................4

         1.    Louisiana Sheriffs' Motion Is Timely ........................................4

         2.    Louisiana Sheriffs Has The Largest Financial
            Interest In The Relief Sought By The Class ..............................5

         3.    Louisiana Sheriffs Otherwise Satisfies The
            Requirements Of Rule 23.........................................................6

     B.    Louisiana Sheriffs Selected Well-Qualified Lead Counsel
        To Represent The Class.......................................................................8

     C.    The Related Actions Should be Consolidated....................................10

IV.     CONCLUSION.......................................................................................11

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Alperstein v. Sona Nanotech Inc.*,
   2021 WL 4704710 (C.D. Cal. Mar. 16, 2021)......................................................................6

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
   586 F.3d 703 (9th Cir. 2009) ...................................................................................9

*Duffaydar v. Sonder Holdings Inc.*,
   2024 WL 4454910 (C.D. Cal. Oct. 9, 2024)...................................................................5, 10

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011) ...................................................................................7

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ...................................................................... 4, 6, 8

*In re Mersho*,
   6 F.4th 891 (9th Cir. 2021) ...................................................................................6, 7

*Knox v. Yingli Green Energy Holding Co.*,
   136 F. Supp. 3d 1159 (C.D. Cal. 2015) ...........................................................................10

*Lloyd v. CVB Fin. Corp.*,
   2011 WL 13128303 (C.D. Cal. Jan. 21, 2011).....................................................................8

*Loftus v. Primero Mining Corp.*,
   2016 WL 11741138 (C.D. Cal. May 12, 2016).....................................................................10

*Shreves v. Xunlei Ltd.*,
   2015 WL 5446935 (C.D. Cal. Sept. 15, 2015) ...................................................................6

**Statutes**

15 U.S.C. § 78u-4 *et seq.* .............................................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a)(4).............................................................................................7

Fed. R. Civ. P. 42(a)................................................................................................10

H.R. Conf. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730 .......8

Louisiana Sheriffs' Pension & Relief Fund ("Louisiana Sheriffs") respectfully submits this memorandum of points and authorities in support of its motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for the entry of an order: (1) appointing Louisiana Sheriffs as Lead Plaintiff; (2) approving Louisiana Sheriffs' selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") to serve as Lead Counsel for the Class; (3) consolidating the above-captioned securities class actions (the "Related Actions") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"); and (4) granting any such further relief as the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

The Related Actions allege that Skyworks Solutions, Inc. ("Skyworks" or the "Company") and certain of its senior executives (collectively, "Defendants") defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, during the period from August 8, 2023, through February 5, 2025, inclusive (the "Class Period"). Specifically, the Related Actions allege that, throughout the Class Period, Defendants made materially false and misleading statements regarding Skyworks' revenue growth, including statements regarding the state of its relationship with its key customer, Apple. Skyworks investors, including Louisiana Sheriffs, incurred significant losses when the Company revealed that an intensifying competitive landscape and a loss of sales to its largest customer caused the Company to significantly reduce its guidance for the second quarter of fiscal year 2025.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a presumption that the "most adequate plaintiff" is the movant that has the "largest

financial interest" in the relief sought by the Class and that also makes a *prima facie* showing that it meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Louisiana Sheriffs respectfully submits that it is the "most adequate plaintiff" by virtue of, among other things, the approximately $1.56 million loss, as calculated on a last-in, first-out ("LIFO") basis, that it incurred on its Class Period purchases of more than 43,000 shares of Skyworks common stock.[1]

In addition to possessing a substantial financial interest, Louisiana Sheriffs satisfies the relevant requirements of Rule 23 because its claims are typical of all members of the Class, and it will fairly and adequately represent the interests of all Class members. Louisiana Sheriffs is also the paradigmatic investor that Congress intended to serve as lead plaintiff under the PSLRA because it is a sophisticated institutional investor with a significant financial interest in the litigation. The appointment of Louisiana Sheriffs would fulfill this critical legislative purpose. Further, Louisiana Sheriffs has experience serving as a lead plaintiff in other securities class actions that led to significant recoveries for investors and supervising the work of outside counsel, including its proposed Lead Counsel, Bernstein Litowitz. Louisiana Sheriffs fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and is willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action. Accordingly, Louisiana Sheriffs has both the incentive and ability to oversee this litigation.

Louisiana Sheriffs has further demonstrated its adequacy through its selection of Bernstein Litowitz to serve as Lead Counsel for the Class. Bernstein Litowitz is

---

[1] Louisiana Sheriffs' PSLRA-required Certification is provided as Exhibit A to the Declaration of Jonathan D. Uslaner (the "Uslaner Decl."), filed concurrently herewith. In addition, a chart providing calculations of Louisiana Sheriffs' losses is provided as Exhibit B to the Uslaner Decl. Unless otherwise noted, all internal citations and quotations are omitted and all emphasis is added.

a nationally recognized securities litigation firm that has recovered more than $40 billion for defrauded investors. Bernstein Litowitz is eminently qualified to prosecute this case and its extensive experience in securities fraud litigation will benefit the Class.

Based on Louisiana Sheriffs' significant financial interest in the outcome of this action, and its ability to oversee counsel, Louisiana Sheriffs respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

## II.   SUMMARY OF THE ACTION

Skyworks is a technology company that designs and manufactures semiconductor products and solutions for a variety of end uses, including aerospace, automotive, broadband, cellular infrastructure, connected home, defense, entertainment and gaming, industrial, medical, smartphone, tablet, and wearables. Apple is Skyworks' largest customer, with sales to Apple generating approximately 70% of the Company's revenue.

The Related Actions allege that, throughout the Class Period, Defendants made numerous materially false and misleading statements and omissions concerning Skyworks' ability to expand its mobile business and the strength of the Company's relationship with Apple. They also touted Skyworks' ability to grow through investments in new technologies and diversification of its portfolio of offerings.

In truth, Skyworks' long-standing relationship with Apple did not guarantee that Apple would continue sourcing components from the Company at the same levels as it had been historically for new iPhone models. Additionally, Skyworks was not well positioned or equipped to execute on AI offerings in the smartphone upgrade cycle.

The truth emerged on February 5, 2025, when Skyworks provided lower-than-anticipated revenue guidance for the second quarter of fiscal year 2025, which it attributed to an intensifying competitive landscape. The Company also announced

its expectations for the upcoming Apple phone cycle, revealing to investors that "we did not get the result that we targeted.  Although we were able to secure multiple sockets . . . our content position is expected to be down 20% to 25%."  Skyworks further disclosed that this reduction in content was due to Apple's decision to dual source a key iPhone component that it had sourced exclusively from Skyworks in previous models.  These disclosures caused the Company's stock price to decline by $21.48 per share, or 25%.

## III.   ARGUMENT

### A.     Louisiana Sheriffs is The Most Adequate Plaintiff

Louisiana Sheriffs respectfully submits that it is entitled to be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant that has the "largest financial interest" in the relief sought by the Class and satisfies the relevant requirements of Rule 23.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (discussing the process for selecting a lead plaintiff under the PSLRA).  As set forth below, Louisiana Sheriffs believes it is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

#### 1.     Louisiana Sheriffs' Motion Is Timely

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  On March 4, 2025, plaintiff Cesar Nunez ("Nunez") filed the first of the Related Actions, asserting a class period of July 30, 2024, through February 5, 2025.  *See Nunez v. Skyworks Sols., Inc.*, No. 8:25-cv-00411-DOC-JDE (C.D. Cal. filed March 4, 2025) ("*Nunez*"), ECF No. 1.  The same day, counsel for Nunez published a notice on *Globe Newswire* alerting investors to the pendency of the action and informing

them of the 60-day deadline to seek appointment as Lead Plaintiff, which is May 5, 2025.  *See* Uslaner Decl., Ex. C.  On April 25, 2025, Vladimir Tsvetkov ("Tsvetkov") filed a substantially similar action asserting an expanded Class Period of August 8, 2023, through February 5, 2025.  *See Tsvetkov v. Skyworks Sols., Inc.*, No. 8:25-cv-00863-JAK-ADS (C.D. Cal. filed April 25, 2025) ("*Tsvetkov*"), ECF No. 1.  That same day, counsel for Tsvetkov published a notice on *PR Newswire* alerting investors to the expanded Class Period and reiterating the May 5, 2025, Lead Plaintiff deadline.[2]  *See* Uslaner Decl., Ex. D.  Accordingly, Louisiana Sheriffs' motion is timely.

### 2. Louisiana Sheriffs Has The Largest Financial Interest In The Relief Sought By The Class

Louisiana Sheriffs should be appointed Lead Plaintiff because it has the "largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Louisiana Sheriffs incurred a substantial loss of approximately $1.56 million, as calculated LIFO basis, on its Class Period purchases of more than 43,000 shares of Skyworks common stock.  *See* Uslaner Decl., Exs. A & B.  To the best of Louisiana Sheriffs' knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this

---

[2] The filing of subsequent actions alleging different class periods does not alter the 60-day deadline for the filing of motions to appoint lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(ii) ("If more than one action on behalf of a class asserting substantially the same claim or claims . . . is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published.").  For purposes of appointing a lead plaintiff, courts generally apply the longest class period.  *See, e.g.*, *Duffaydar v. Sonder Holdings Inc.*, 2024 WL 4454910, at *3 (C.D. Cal. Oct. 9, 2024) (applying the broadest class period to assess the financial interests of lead plaintiff movants and noting that "[C]ourts usually . . . use the most inclusive class period and select as lead plaintiff the movant with the largest financial interest under that period").  As such, the class period asserted in *Tsvetkov* is relied upon for this motion.

litigation.  Accordingly, Louisiana Sheriffs has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3.   Louisiana Sheriffs Otherwise Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Louisiana Sheriffs otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as lead plaintiff, a movant need only make "a prima facie showing of typicality and adequacy" under Rule 23.  *Cavanaugh*, 306 F.3d at 731.  At this stage, "the process is not adversarial, so the Rule 23 determination should be based on only the movant's pleadings and declarations."  *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021).  As detailed below, Louisiana Sheriffs satisfies the typicality and adequacy requirements.

Louisiana Sheriffs' claims are typical of the claims of other Class members.  "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  *Alperstein v. Sona Nanotech Inc.*, 2021 WL 4704710, at *3 (C.D. Cal. Mar. 16, 2021).  Here, Louisiana Sheriffs, like all other members of the Class, seeks recovery for the losses on its investments in Skyworks common stock that it incurred as a result of Defendants' misrepresentations and omissions.  Louisiana Sheriffs and all other Class members suffered the same injuries, their claims arise from the same course of events, and their legal arguments to prove Defendants' liability are nearly identical.  Like all other Class members, Louisiana Sheriffs (1) purchased Skyworks common stock during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) was harmed when the truth was revealed.  *See Shreves v. Xunlei Ltd.*, 2015 WL 5446935, at *3 (C.D. Cal. Sept. 15, 2015) (finding typicality requirement met when

proposed lead plaintiff "purchased [defendant corporation] stock at prices [movant] alleges were artificially inflated by Defendants' misrepresentations and omissions, and was allegedly damaged thereby"). Accordingly, Louisiana Sheriffs satisfies Rule 23's typicality requirement.

Louisiana Sheriffs likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy element of Rule 23 is met where the movant and its counsel do not "have any conflicts of interest with other class members" and will "prosecute the action vigorously on behalf of the class." *Mersho*, 6 F.4th at 899-900 (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011)). Louisiana Sheriffs satisfies these elements because its substantial financial stake in the litigation provides it with the incentive to vigorously represent the Class's claims. Louisiana Sheriffs' interests are directly aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Louisiana Sheriffs and other members of the Class.

Further, Louisiana Sheriffs has experience in other shareholder litigation, including serving as a lead plaintiff in another securities class action, and supervising the work of outside counsel, including proposed Lead Counsel, Bernstein Litowitz. For example, Louisiana Sheriffs served as a lead plaintiff in *In re Wells Fargo & Co. Securities Litigation*, No. 20-cv-4494 (S.D.N.Y.), and recovered $1 billion for investors, with Bernstein Litowitz as co-lead counsel. Louisiana Sheriffs also served as lead plaintiff in *In re Citigroup Inc. Bond Litig.*, No. 08-cv-9522 (S.D.N.Y.), and recovered $730 million for investors, with Bernstein Litowitz as lead counsel. Based on its experience serving as a lead plaintiff, Louisiana Sheriffs fully understands the Lead Plaintiff's obligations under the PSLRA to oversee the litigation separate and apart from counsel, and has submitted a sworn Certification attesting to its

willingness, commitment, and ability to fulfill those duties in this action. *See* Uslaner Decl., Ex. A.

In addition to satisfying the PSLRA's lead plaintiff provisions and the requirements of Rule 23, Louisiana Sheriffs is the prototypical Lead Plaintiff envisioned by Congress in its enactment of the PSLRA—a sophisticated institutional investor with a substantial financial interest in the litigation. *See Lloyd v. CVB Fin. Corp.*, 2011 WL 13128303, at *5 (C.D. Cal. Jan. 21, 2011) (noting that the PSLRA "establishes a preference that sophisticated institutional investors direct the course of securities cases"); *see also* H.R. Conf. Rep. No. 104-369, at *34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors . . . will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because such investors are more apt to effectively manage complex securities litigation. *See* H.R. Conf. Rep. No. 104-369, at *34-35, *as reprinted in* 1995 U.S.C.C.A.N. at 733-34.

Louisiana Sheriffs has further demonstrated its adequacy through its selection of Bernstein Litowitz to serve as Lead Counsel to represent the Class. As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively. Accordingly, Louisiana Sheriffs satisfies Rule 23's adequacy requirement.

### B. Louisiana Sheriffs Selected Well-Qualified Lead Counsel To Represent The Class

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also Cavanaugh*, 306 F.3d at 732 n.11 ("Congress gave the lead plaintiff, and

not the court, the power to select a lawyer for the class."). Courts generally defer to the lead plaintiff's choice of counsel. *See Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.").

As detailed in its firm résumé, Bernstein Litowitz is among the preeminent securities class action law firms in the country and has extensive experience serving as lead counsel in securities class actions, including actions in this District, this Court, and other courts in this Circuit. *See* Uslaner Decl., Ex. E (Bernstein Litowitz's Firm Résumé). For example, Bernstein Litowitz served as lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), in which settlements totaling more than $6 billion—the second-largest recovery in securities class action history—were obtained for the class. Bernstein Litowitz also secured a resolution of $2.43 billion for the class in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.), a $1.06 billion recovery for the class in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.), and a $730 million settlement on behalf of the class in *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522 (S.D.N.Y.).

Significant examples in which this Court, as well as courts in this District and Circuit, have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re Allergan, Inc. Proxy Violation Securities Litigation*, No. 14-cv-2004 (C.D. Cal.) (Carter, J.) (recovering $250 million for investors); *In re New Century Securities Litigation*, No. 07-cv-931 (C.D. Cal.) (recovering approximately $125 million for investors); *In re Mattel, Inc. Securities Litigation*, No. 19-cv-10860 (C.D. Cal.) (recovering $98 million for investors); *In re McKesson HBOC, Inc. Securities Litigation*, No. 99-cv-20743 (N.D. Cal.) (recovering $1.05 billion for investors, the largest recovery ever in a securities class action in this Circuit); *Hefler v. Wells Fargo & Company*, No. 16-cv-5479 (N.D. Cal.) (recovering $480 million for investors).

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Louisiana Sheriffs' selection of Bernstein Litowitz as Lead Counsel for the Class.

### C.    The Related Actions Should be Consolidated

There are at least two related securities class actions currently pending in this District:

| Case Number | Case Name | Date Filed |
|---|---|---|
| 8:25-cv-00411 | *Nunez v. Skyworks Solutions, Inc.* | 03/04/2025 |
| 8:25-cv-00863 | *Tsvetkov v. Skyworks Solutions, Inc.* | 04/25/2025 |

Rule 42(a) permits consolidation when the actions involve common questions of fact or law. *See* Fed. R. Civ. P. 42(a). Here, the Related Actions present nearly identical factual and legal issues because they both allege claims under Sections 10(b) and 20(a) of the Exchange Act and arise out of substantially similar alleged misrepresentations by the same Defendants. *See Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1162 (C.D. Cal. 2015) ("Consolidation of private securities fraud class actions arising from the same alleged misconduct is generally appropriate."). While the *Nunez* action asserts a shorter class period than the *Tsvetkov* action, this minor difference does not render consolidation inappropriate because the Related Actions present sufficiently common questions of fact and law. *See Sonder Holdings*, 2024 WL 4454910, at *2 (noting that "differing class periods alone will not defeat consolidation"). In addition, the interests of judicial economy weigh in favor of consolidating the Related Actions given the substantial overlap of common factual and legal issues between them. *See Loftus v. Primero Mining Corp.*, 2016 WL 11741138, at *4 (C.D. Cal. May 12, 2016) (granting a motion to consolidate related securities class actions "because the Court finds that the interests of judicial economy and convenience strongly favor

consolidation"). Accordingly, consolidation of the Related Actions is appropriate under Rule 42(a).

## IV.    CONCLUSION

For the reasons discussed above, Louisiana Sheriffs respectfully request that the Court: (1) appoint it as Lead Plaintiff; (2) approve its selection of Bernstein Litowitz as Lead Counsel for the Class; (3) consolidate the Related Actions; and (4) grant any such further relief as the Court may deem just and proper.

Dated: May 5, 2025

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:   (310) 819-3481

-and-

Hannah Ross
Avi Josefson
Scott R. Foglietta
1251 Avenue of the Americas
New York, NY 10020
Tel:   (212) 554-1400
Fax:   (212) 554-1444
hannah@blbglaw.com
avi@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff Louisiana Sheriffs' Pension & Relief Fund*

**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**

Robert D. Klausner
7080 Northwest 4th Street
Plantation, FL 33317
Tel:   (954) 916-1202
Fax:   (954) 916-1232
bob@robertdklausner.com

*Additional Counsel for Louisiana Sheriffs' Pension & Relief Fund*

11    MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR APPOINTMENT
AS LEAD PLAINTIFF
Case No. 8:25-cv-00411-DOC-JDE

**LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Louisiana Sheriffs' Pension & Relief Fund, certifies that this brief contains 3,261 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 5, 2025

/s/ Jonathan D. Uslaner
Jonathan D. Uslaner (Bar No. 256898)

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:    (310) 819-3481