**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3481

*Counsel for Proposed Lead Plaintiff*
*Louisiana Sheriffs' Pension & Relief Fund*

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| CESAR NUNEZ, Individually and on Behalf of All Others Similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SKYWORKS SOLUTIONS, INC., LIAM K. GRIFFIN, AND KRIS SENNESAEL,<br><br>Defendants. | Case No. 8:25-cv-00411-DOC-JDE<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF LOUISIANA SHERIFFS' PENSION & RELIEF FUND'S UNOPPOSED MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS**<br><br>Date: June 2, 2025<br>Time: 8:30 a.m.<br>Courtroom: 10A<br>Judge: Hon. David O. Carter |
| VLADIMIR TSVETKOV, Individually and on Behalf of All Others Similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SKYWORKS SOLUTIONS, INC., LIAM K. GRIFFIN, and KRIS SENNESAEL,<br><br>Defendants. | Case No. 8:25-cv-00863-DOC-JDE |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES...................................................................................ii

I.      PRELIMINARY STATEMENT ................................................................1

II.     ARGUMENT..............................................................................................3

        A.      Louisiana Sheriffs Should Be Appointed Lead Plaintiff ....................3

                1.      Louisiana Sheriffs Has The Largest Financial
                        Interest...................................................................................4

                2.      Louisiana Sheriffs Is Typical And Adequate...........................5

                3.      The Presumption In Favor Of Appointing
                        Louisiana Sheriffs As Lead Plaintiff Cannot Be
                        Rebutted ................................................................................7

        B.      The Court Should Approve Louisiana Sheriffs' Selection
                of Lead Counsel....................................................................................7

III.    CONCLUSION.........................................................................................8

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Barry v. Colony NorthStar, Inc.*,
   2018 WL 11459916 (C.D. Cal. July 16, 2018)....................................................2

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ..................................................................3, 4, 7

*Chupa v. Armstrong Flooring, Inc.*,
   2020 WL 1032420 (C.D. Cal. Mar. 2, 2020).....................................................3, 5

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
   586 F.3d 703 (9th Cir. 2009) ..........................................................................8

*Diennocentis v. Dropbox, Inc.*,
   2020 WL 264408 (N.D. Cal. Jan. 16, 2020)........................................................6

*Ferreira v. Funko, Inc.*,
   2020 WL 3246328 (C.D. Cal. June 11, 2020).......................................................1

*Ind. Pub. Ret. Sys. v. Rivian Auto., Inc.*,
   2024 WL 5279156 (C.D. Cal. Oct. 24, 2024) .....................................................5

*Lax v. First Merchs. Acceptance Corp.*,
   1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ........................................................4

*In re Mersho*,
   6 F.4th 891 (9th Cir. 2021) .........................................................................3, 7

**STATUTES**

15 U.S.C. § 78u-4 *et seq.* ..................................................................*passim*

Louisiana Sheriffs respectfully submits this memorandum of points and authorities in further support of its unopposed motion for appointment as Lead Plaintiff, approval of its selection of Lead Counsel, and consolidation of Related Actions.[1] *See* ECF No. 36.

## I.      PRELIMINARY STATEMENT

Louisiana Sheriff is the presumptive Lead Plaintiff in this case by virtue of the significant loss it incurred—approximately $1.56 million as calculated on a LIFO basis—on its Class Period investments in Skyworks common stock.  Further, as a sophisticated institutional investor, Louisiana Sheriffs has demonstrated its adequacy to prosecute this case.  Accordingly, Louisiana Sheriffs should be afforded the presumption that it is the "most adequate plaintiff."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

In addition to Louisiana Sheriffs, three other Class members or groups of Class members filed motions seeking appointment as Lead Plaintiff: (1) the three entity group of Genesee County Employees' Retirement System, Charter Township of Clinton Police and Fire Retirement System, and Clinton Township Retiree Health Care Trust (collectively, the "Genesee/Clinton Group") (ECF No. 32); (2) Albert F. Chan ("Chan") (ECF No. 23); and (3) Nelson Mangione ("Mangione") (ECF No. 27).  Of these movants, Louisiana Sheriffs unquestionably possesses the largest financial interest in this litigation.[2]  As demonstrated by the chart below, Louisiana

---

[1] All capitalized terms are defined in Louisiana Sheriffs' opening brief, unless otherwise indicated.  *See* ECF No. 37.  All emphasis is added, and all internal citations and quotations omitted unless noted.  All movants agree that consolidation of the above-captioned actions is appropriate. *See* ECF Nos. 23, 27, 32, 36.

[2] Courts typically apply the LIFO methodology to assess investment losses at the lead plaintiff stage. *See, e.g.*, *Ferreira v. Funko, Inc.*, 2020 WL 3246328, at *5 (C.D. Cal. June 11, 2020) ("Courts in the Ninth Circuit tend to . . . use a last in, first out (LIFO) methodology.").

Sheriffs' loss is not only larger than the loss claimed by the next largest movant, the Genesee/Clinton Group, it is larger than the losses of all other movants **combined**.



Further, Louisiana Sheriffs purchased more Skyworks shares on both a gross and net basis and made larger net expenditures than the other movants combined. *See, e.g.*, *Barry v. Colony NorthStar, Inc.*, 2018 WL 11459916, at *3 (C.D. Cal. July 16, 2018) (courts in this District typically consider "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered," with courts "generally attach[ing] the greatest weight to the fourth factor"). Thus, Louisiana Sheriffs has the largest financial interest in the litigation.  In recognition that Louisiana Sheriffs has the largest financial interest and is otherwise a typical and adequate Class representative, the Genesee/Clinton Group, Chan, and Mangione have withdrawn their motions.  *See* ECF Nos. 40-42. Accordingly, Louisiana Sheriffs' motion is unopposed.

Louisiana Sheriffs also satisfies the typicality and adequacy requirements of Rule 23, and is well suited to represent all Class members.  *See* ECF No. 37 at 6-8. Louisiana Sheriffs is a sophisticated institutional investor that fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action.

*See id.*   Further, Louisiana Sheriffs is committed to actively overseeing the prosecution of this litigation, and has selected Bernstein Litowitz—a law firm with extensive experience prosecuting securities class actions—as Lead Counsel for the Class.

Because Louisiana Sheriffs has the largest financial interest in the litigation and has made a *prima facie* showing of its typicality and adequacy, it is entitled to a strong presumption that it is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).   That presumption can only be rebutted "upon proof" that Louisiana Sheriffs is atypical or inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Chupa v. Armstrong Flooring, Inc.*, 2020 WL 1032420, at \*3-4 (C.D. Cal. Mar. 2, 2020).  No such "proof" exists, and there are no legitimate grounds to challenge Louisiana Sheriffs' typicality or adequacy.

As such, Louisiana Sheriffs should be appointed as Lead Plaintiff, its selection of Lead Counsel should be approved, and its Motion should otherwise be granted.

## II.   ARGUMENT

### A.   Louisiana Sheriffs Should Be Appointed Lead Plaintiff

The PSLRA establishes a strong presumption that the lead plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). To trigger this presumption, the movant that has the largest financial interest need only make "a prima facie showing of typicality and adequacy." *In re Cavanaugh*, 306 F.3d 726, 731 (9th Cir. 2002).

Once this presumption attaches, it can only be rebutted with "proof" that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(III); *see also In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) ("The statute requires proof that the presumptive lead plaintiff is not adequate."); *Cavanaugh*, 306 F.3d at 732

(explaining that the PSLRA's presumption is triggered even if the district court believes another movant may be "more typical or more adequate" or "would do a better job"). Louisiana Sheriffs is the presumptive Lead Plaintiff in this action and no "proof" exists to rebut that presumption. Accordingly, Louisiana Sheriffs is entitled to appointment as Lead Plaintiff.

### 1. Louisiana Sheriffs Has The Largest Financial Interest

When assessing which movant has asserted the largest financial interest, courts in this District consider the size of a movant's loss to be the most important factor. *See, e.g.*, *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [it] is entitled to lead plaintiff status.").

As illustrated in the chart below, Louisiana Sheriffs' loss of approximately $1.56 million, as calculated on a LIFO basis, is multiples larger than the loss incurred by the Genesee/Clinton Group, the movant asserting the next largest loss, and larger than the losses of all other movants combined. Louisiana Sheriffs also has the largest financial interest based on the other key factors courts consider in making that determination, having purchased more shares, purchased more net shares, and expended more net funds than the other movants. *See Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997).

| Movant[3] | Reported Loss | Shares Purchased | Net Shares Purchased | Net Funds Expended |
|---|---|---|---|---|
| **Louisiana Sheriffs** | $1,556,684 | 43,775 | 43,175 | $4,322,622 |
| | | | | |
| Genesee County ERS | $219,869 | 5,978 | 5,978 | $617,332 |
| Clinton Police and Fire | $143,047 | 4,197 | 3,855 | $399,357 |

---

[3] These figures are taken from each movant's respective filing. *See* ECF Nos. 25-3, 29-2, 34-3, 38-2. Losses for all movants are those calculated using the LIFO methodology. *See id.*

| Movant[3] | Reported Loss | Shares Purchased | Net Shares Purchased | Net Funds Expended |
|---|---|---|---|---|
| Clinton Retiree Health Care Trust | $27,540 | 873 | 873 | $85,584 |
| **Genesee/Clinton GroupTotal** | **$390,456** | **11,048** | **10,706** | **$1,102,273** |
| | | | | |
| **Chan** | $128,550 | 3,520 | 3,520 | $354,054 |
| | | | | |
| **Mangione** | $82,056 | 7,300 | 3,300 | $293,465 |

There can thus be no credible dispute that Louisiana Sheriffs has "the largest financial interest in the relief sought by the class" and is entitled to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 2.   Louisiana Sheriffs Is Typical And Adequate

In addition to possessing the largest financial interest in the relief sought by the Class, Louisiana Sheriffs satisfies the typicality and adequacy requirements of Rule 23. At the lead plaintiff stage, a movant must make only a "preliminary" showing that it satisfies Rule 23's typicality and adequacy requirements. *See Armstrong Flooring*, 2020 WL 1032420, at *2 ("At this stage, a wide ranging analysis of these requirements is not appropriate and should be left for consideration on a motion for class certification."). Louisiana Sheriffs unquestionably satisfies both requirements.

As demonstrated in its opening brief, Louisiana Sheriffs is typical of other members of the Class. *See* ECF No. 37 at 6-7. Like all other Class members, Louisiana Sheriffs (1) purchased Skyworks common stock during the Class Period, (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were damaged as a result of Defendants' alleged fraud. *See Ind. Pub. Ret. Sys. v. Rivian Auto., Inc.*, 2024 WL 5279156, at *4 (C.D. Cal. Oct. 24, 2024) (finding a lead plaintiff's claims typical because they are

"based on the same legal theory and arise from the same events as the putative class members' claims").

Louisiana Sheriffs also satisfies Rule 23's adequacy requirement because it is capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also Diennocentis v. Dropbox, Inc.*, 2020 WL 264408, at *4 (N.D. Cal. Jan. 16, 2020) ("The test for adequacy asks whether the lead plaintiff and its counsel have any conflicts of interest with other class members and whether the lead plaintiff and his counsel will prosecute the action vigorously on behalf of the class."). As demonstrated in its opening brief, Louisiana Sheriffs is capable of and committed to directing this litigation in the best interests of the Class. *See* ECF No. 37 at 7-8. Louisiana Sheriffs is a sophisticated institutional investor with experience serving as a lead plaintiff in other securities class actions and supervising the work of outside counsel. *See id.* Louisiana Sheriffs fully understands and accepts the duties and responsibilities of the Lead Plaintiff owed to other Class members and is fully committed to monitoring the prosecution of this action in the best interest of the Class. *See id.*

Further, there is no conflict between the interests of Louisiana Sheriffs and any of the other Class members. To the contrary, the interests of Louisiana Sheriffs and other Class members are directly aligned because they all suffered damages from their purchases of Skyworks common stock that were artificially inflated by Defendants' alleged misconduct. As discussed above, Louisiana Sheriffs has a substantial financial interest that provides it with the incentive to ensure the vigorous prosecution of this litigation, and has the experience to prosecute this action efficiently and in the best interests of the Class. Thus, Louisiana Sheriffs has both the incentive and ability to supervise and monitor counsel.

Louisiana Sheriffs has further demonstrated its adequacy through its selection of Bernstein Litowitz—a firm with significant experience prosecuting securities class actions and managing complex litigation effectively—to serve as Lead Counsel

for the Class.  Accordingly, Louisiana Sheriffs has made the requisite preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23 and should be appointed Lead Plaintiff.

### 3.     The Presumption In Favor Of Appointing Louisiana Sheriffs As Lead Plaintiff Cannot Be Rebutted

To overcome the strong presumption entitling Louisiana Sheriffs to appointment as Lead Plaintiff, the PSLRA requires the other movants to present "proof" that Louisiana Sheriffs are atypical or inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 729 n.2 ("[T]he statute provides that the presumption may be rebutted only upon proof . . . that the presumptively most adequate plaintiff does not satisfy the adequacy or typicality requirements of Rule 23.") (ellipsis in original); *Mersho*, 6 F.4th at 901 (explaining that unsupported speculation "does not comport with the burden-shifting process Congress established in the PSLRA" under which "competing movants must point to evidence").  No such proof exists in this case, and there can be no credible arguments to the contrary.  Recognizing this, the Genesee/Clinton Group, Chan, and Mangione have withdrawn their motions.  *See* ECF Nos. 40-42.  Accordingly, Louisiana Sheriffs' motion is unopposed.

Because Louisiana Sheriffs has met all the requirements for appointment as Lead Plaintiff, and because its motion is unopposed, the Court need not consider the other motions.  *See Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [it] is entitled to lead plaintiff status[.]").

### B.     The Court Should Approve Louisiana Sheriffs' Selection of Lead Counsel

The PSLRA grants the Lead Plaintiff with the power to select and retain counsel for the Class, subject to the Court's approval.  The Court should not disrupt the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests

of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice."). Louisiana Sheriffs has selected Bernstein Litowitz as proposed Lead Counsel for the Class. Bernstein Litowitz is among the preeminent securities class action law firms in the country and has recovered over $40 billion for investors in securities class actions and obtained groundbreaking corporate governance reforms. *See* ECF No. 38-5. Bernstein Litowitz has a long history of successfully prosecuting federal securities class actions, including achieving several landmark recoveries in cases that were litigated in this District. *See* ECF No. 37 at 9.

This prior experience demonstrates that Bernstein Litowitz is eminently qualified to represent the Class in this action. Accordingly, the Court should approve Louisiana Sheriffs' selection of Bernstein Litowitz as Lead Counsel for the Class.

## III.   CONCLUSION

For the reasons discussed above and in its opening brief, Louisiana Sheriffs respectfully requests that the Court: (1) appoint it as Lead Plaintiff; (2) approve its selection of Bernstein Litowitz as Lead Counsel for the Class; (3) consolidate the Related Actions; and (4) grant any such further relief as the Court may deem just and proper.

Dated: May 12, 2025

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:   (310) 819-3481

-and-

Hannah Ross
Avi Josefson
Scott R. Foglietta
1251 Avenue of the Americas

New York, NY 10020
Tel:    (212) 554-1400
Fax:    (212) 554-1444
hannah@blbglaw.com
avi@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff*
*Louisiana Sheriffs' Pension & Relief*
*Fund*

**KLAUSNER, KAUFMAN, JENSEN**
 **& LEVINSON**

Robert D. Klausner
7080 Northwest 4th Street
Plantation, FL 33317
Tel:    (954) 916-1202
Fax:    (954) 916-1232
bob@robertdklausner.com

*Additional Counsel for Louisiana*
*Sheriffs' Pension & Relief Fund*

## <u>LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Louisiana Sheriffs' Pension & Relief Fund, certifies that this brief contains 2,227 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 12. 2025

*/s/ Jonathan D. Uslaner*
Jonathan D. Uslaner (Bar No. 256898)

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:    (310) 819-3481