BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:   (310) 819-3481

John Rizio-Hamilton (admitted *pro hac vice*)
johnr@blbglaw.com
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Tel:   212-554-1400

*Counsel for Lead Plaintiff*
*Louisiana Sheriffs' Pension & Relief Fund*
*and the proposed class*

[Additional counsel on signature block.]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE SKYWORKS SOLUTIONS, INC. SECURITIES LITIGATION | Case No. 8:25-cv-00411-DOC-JDE<br><br>CLASS ACTION<br><br>**LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS**<br><br>Judge David O. Carter<br>Date: January 12, 2026<br>Time: 8:30 a.m.<br>Courtroom: 10A |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...............................................................................................1

LEGAL STANDARD..........................................................................................1

ARGUMENT .......................................................................................................3

I. DEFENDANTS FAIL TO IDENTIFY THE SPECIFIC FACTS THEY SEEK TO JUDICIALLY NOTICE OR INCORPORATE BY REFERENCE .................................................................................3

II. THE MOTION SEEKS TO USE THE EXHIBITS IMPROPERLY TO DRAW FACTUAL INFERENCES AND RESOLVE FACTUAL DISPUTES..................................................................................................4

CONCLUSION ....................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Am. Apparel, Inc. S'holder Litig.*,
 855 F. Supp. 2d 1043 (C.D. Cal. 2012) .................................................................2

*Capaci v. Sports Rsch. Corp.*,
 445 F. Supp. 3d 607 (C.D. Cal. 2020) ...................................................................1

*Cota v. Aveda Corp.*,
 2020 WL 6083423 (S.D. Cal. Oct. 14, 2020) ........................................................4

*Indep. Towers of Washington v. Washington*,
 350 F.3d 925 (9th Cir. 2003) .................................................................................4

*Khoja v. Orexigen Therapeutics, Inc.*,
 899 F.3d 988 (9th Cir. 2018) .........................................................................*passim*

*Love v. Int'l Hotel Assocs. No. 2 LLC*,
 2021 WL 4482106 (N.D. Cal. Sept. 30, 2021) ......................................................4

*In re Rigel Pharm., Inc. Sec. Litig.*,
 697 F.3d 869 (9th Cir. 2012) .................................................................................2

*Rollins v. Dignity Health*,
 338 F. Supp. 3d 1025 (N.D. Cal. 2018) .................................................................2

*Rosenberg-Wohl v. State Farm Fire and Cas. Co.*,
 2021 WL 4243389 (N.D. Cal. Sept. 17, 2021) ......................................................3

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
 592 F.3d 954 (9th Cir. 2010) .................................................................................2

**OTHER AUTHORITIES**

Fed. R. Evid. 201 ..................................................................................................2, 4

Fed. R. Civ. P. 12(b)(6) .........................................................................................1, 2

## INTRODUCTION

Lead Plaintiff Louisiana Sheriffs' Pension & Relief Fund ("Plaintiff") respectfully submits this opposition to Defendants' Request for Judicial Notice ("Request") and Consideration of Documents Incorporated By Reference (ECF No. 61, the "Request") for Exhibits 1–9 (the "Exhibits"), attached to the Declaration of Jaime A. Bartlett and filed concurrently with Defendants' Motion to Dismiss (EFC No. 60, the "Motion").

While the Exhibits include the types of documents that may be subject to judicial notice or incorporation by reference for certain limited purposes, such as to evaluate what information was available to the market (Request at 5), Defendants fail to specify what facts they seek to have judicially noticed or which facts or inferences they seek the Court to draw from any documents incorporated by reference. Their request, therefore, is impermissibly vague. *See, e.g., Capaci v. Sports Rsch. Corp.*, 445 F. Supp. 3d 607, 617 (C.D. Cal. 2020) (denying judicial notice request where a party did "not state which facts within those studies they want the court to judicially notice").

To the extent the Court considers the materials, the Court should reject Defendants' reliance on certain Exhibits for improper purposes, such as to resolve factual disputes and/or raise defenses, which Circuit precedent prohibits at this stage of litigation. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1000 (9th Cir. 2018).

## LEGAL STANDARD

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja*, 899 F.3d at 998. To do so, the court must convert

the 12(b)(6) motion into a motion for summary judgment and allow both parties the opportunity "to present all the material that is pertinent to the motion."[1] *Id.*

There are two limited exceptions to this rule. **First**, under Federal Rule of Evidence 201, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) (citing Fed. R. Evid. 201(b)). Under *In re Rigel Pharmaceuticals, Inc. Securities Litigation*, 697 F.3d 869, 876 (9th Cir. 2012), courts may include in their review of a Rule 12(b)(6) motion to dismiss matters over which they may take judicial notice, but "a court cannot take judicial notice of disputed facts" of such documents. *Khoja*, 899 F.3d at 999. A court may thus "take[] judicial notice of only of the existence and contents of the SEC filings, not the truth of information contained in them." *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 n.143 (C.D. Cal. 2012); *accord Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.").

**Second**, under the judicially-created doctrine of incorporation by reference, the court may "treat[] certain documents as though they are part of the complaint itself," particularly where those documents "form[] the basis of the plaintiff's claim[s]" or where plaintiffs reference them "extensively" throughout their complaint. *Khoja*, 899 F.3d at 1002. Like documents subject to judicial notice, however, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint"—an

---

[1] Emphases are added and internal citations and quotations are omitted unless noted.

admonition "consistent with the prohibition against resolving factual disputes at the pleading stage." *Id.* at 1003.

In sum, courts may only consider documents outside a complaint for narrow purposes and may not rely on them to resolve any factual disputes. *See, e.g.*, *id*. (limiting consideration of analyst reports to showing the presence of analyst coverage of a company and the timing of the publication of the alleged misstatements and consideration of SEC filings to the price of shares listed in a registration statement and precluding reliance on those documents to resolve disputed facts). As the Ninth Circuit made clear, defendants may not "present their own version of the facts at the pleading stage" through documents deemed incorporated by reference or judicially noticed. *Id.* at 999. Such "unscrupulous use of extrinsic documents to resolve competing theories against the complaint" is impermissible at this stage in the proceedings because doing so "risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.* at 998.[2]

## ARGUMENT

### I. DEFENDANTS FAIL TO IDENTIFY THE SPECIFIC FACTS THEY SEEK TO JUDICIALLY NOTICE OR INCORPORATE BY REFERENCE

Plaintiff acknowledges that the Exhibits include documents of the type subject to judicial notice or incorporation by reference. The Request, however, does not identify the specific facts Defendants seek the Court to judicially notice from the Exhibits. *See, e.g.*, *Khoja*, 899 F. 3d at 999, 1018 (reversing and remanding district court's failure to specify those facts that it had judicially noticed); *see also Rosenberg-Wohl v. State Farm Fire and Cas. Co.*, 2021 WL 4243389, at *4 (N.D. Cal. Sept. 17, 2021) ("If a court takes judicial notice of a document, it must identify

---

[2] *Khoja* further cautioned against a "concerning pattern" of defendants in securities cases "exploiting" the incorporation-by-reference doctrine and judicial notice to improperly present a one-sided version of events at the pleading stage in an attempt to undermine well-pled allegations. 899 F.3d at 998.

1  the specific fact or facts it is noticing from the document."); *Love v. Int'l Hotel
2  Assocs. No. 2 LLC*, 2021 WL 4482106, at *2 (N.D. Cal. Sept. 30, 2021) ("The Ninth
3  Circuit has clarified that if a court takes judicial notice of a document, it must specify
4  what facts it judicially noticed from the document."). Here, Defendants' "failure to
5  specify [] which facts it would like the Court to take judicial notice," renders the
6  Request vague and ambiguous, and the Court should decline to judicially notice facts
7  unidentified by Defendants. *Cota v. Aveda Corp.*, 2020 WL 6083423, at *10 (S.D.
8  Cal. Oct. 14, 2020).

Under Ninth Circuit law, the Court should only *consider* taking judicial notice of the facts specifically identified in the Motion and then determine, as discussed more fully below, whether any of those facts "is not subject to reasonable dispute" as required by FRE 201. *See, e.g.*, *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003) (declining to "pick through" documents unaccompanied by legal argument because "[o]ur adversarial system relies on the advocates to inform the discussion and raise the issues to the court").

**II.   THE MOTION SEEKS TO USE THE EXHIBITS IMPROPERLY TO DRAW FACTUAL INFERENCES AND RESOLVE FACTUAL DISPUTES**

Ignoring Ninth Circuit's admonition against offering documents on a 12(b)(6) motion to raise "factual disputes against [] [P]laintiffs['] well-pled allegations in the complaint," Defendants' Motion repeatedly distorts or presents strained interpretations of the content of the Exhibits. *Khoja*, 899 F.3d at 1014.

Examples of Defendants' improper reliance on the Exhibits to resolve disputed facts include the following:

1. **Ex. 1:** Defendants cite certain facts from Exhibit 1, Skyworks's Form 10-K dated November 17, 2023, for their truth. Motion at 4 ("Skyworks had disclosed the risk of competitors gaining content at Skyworks'[s] expense");

1  *id.* at 12 ("Skyworks warned investors that it could lose content position to its competitors").

2. **Ex. 2:** Defendants seek judicial notice that an exchange from the August 7, 2023 earnings call was "about past revenue generated and not about the iPhone 16," *id.* at 13.

3. **Ex. 3:** Defendants cite to a transcript of Skyworks's November 2, 2023 earnings call in asking that the Court find there are "[n]o alleged facts show that the Market understood these generalities to confirm that Skyworks had obtained a particular content position in the iPhone 16," *id.* at 13-14.

4. **Ex. 4:** Defendants cite to a transcript of the January 30, 2024 earnings call in asking that the Court find that a question was "about potential future content position," *id.* at 14.

5. **Ex. 5:** Defendants ask that the Court interpret Defendant Griffin's statements during a March 5, 2024 investor conference, as merely "speculat[ing] about the industry should Apple not rely on Qualcomm for any of its modems," and assert that Griffin's response was speaking to a "hypothetical future scenario," *id.* at 15.

6. **Ex. 6:** Defendants cite to a transcript from the November 12, 2024 earnings call and ask that the Court find that "[t]his question was not specific to the iPhone 17 and Griffin's response was equally general optimism and forward-looking," *id*.

7. **Exs. 7 and 8:** Defendants seek that the Court find that the notes in the Oppenheimer and J.P. Morgan reports merely "concern the overall content growth opportunity for all suppliers for RF components within iPhone going forward, not Skyworks' expectations for its own portion of that content opportunity in the iPhone 17," and that "the references to Skyworks losing

content in the iPhone 16 recognize that Skyworks' content position was not 'secure.'" *id.* at 16-17.

8. **Ex. 9:** Defendants seek judicial notice of the fact that "having lost content for the iPhone 16, Skyworks revised its risk disclosures to acknowledge the risk had already materialized," *id.* at 18, or that "[f]ollowing its content loss on the iPhone 16, in its FY24 10-K (filed on November 17, 2024), Skyworks updated the disclosure to reflect that it had experienced a content loss," *id.* at 4.

Circuit precedent forecloses the Court from considering any of the Exhibits for these improper purposes. *See, e.g.*, *Khoja*, 899 F.3d at 999, 1003 ("a court cannot take judicial notice of disputed facts contained in such public records" or "assume the truth of an incorporated document"). Thus, the Court should deny the Request to the extent it seeks to use the Exhibits to resolve factual disputes at this stage of the proceedings, particularly when those disputes concern what Defendants thought or believed.

## **CONCLUSION**

Accordingly, Plaintiff respectfully requests that the Court decline to judicially notice or infer from any Exhibits incorporated by reference any facts or inferences not specifically identified by Defendants. As to those facts identified by Defendants, the Court should deny the Motion to the extent Defendants attempt to draw improper factual inferences at the pleading stage.

| | |
|---|---|
| Dated: November 18, 2025 | Respectfully submitted, |
| | **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP** |
| | */s/ Jonathan D. Uslaner*<br>Jonathan D. Uslaner (Bar No. 256898)<br>jonathanu@blbglaw.com<br>2121 Avenue of the Stars, Suite 2575<br>Los Angeles, CA 90067<br>Tel:   (310) 819-3481 |
| | -and- |
| | John Rizio-Hamilton (admitted *pro hac vice*)<br>johnr@blbglaw.com<br>Robert Kravetz (admitted *pro hac vice*)<br>robert.kravetz@blbglaw.com<br>Abygail Kritta (admitted *pro hac vice*)<br>abygail.kritta@blbglaw.com<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020<br>Tel:   212-554-1400<br>Fax: 212-554-1444 |
| | *Counsel for Lead Plaintiff Louisiana Sheriffs' Pension & Relief Fund and the proposed class* |