SLARSKEY LLC
Adam Hollander (*pro hac vice forthcoming*)
Nicole Santoro (*pro hac vice forthcoming*)
ahollander@slarskey.com
nsantoro@slarskey.com
825 Third Avenue, 32nd Floor
New York, NY 10022
Telephone: (212) 658-0661

RUTH LLP
Megan A. Maitia (SBN 285271)
megan@ruthllp.com
7462 N. Figueroa Street, Suite 206
Los Angeles, CA 90041
Telephone: (213) 260-9452

*Attorneys for Nonparty Catherine Pananides*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION AT SANTA ANA

| | |
|---|---|
| IN RE SKYWORKS SOLUTIONS, INC. SECURITIES LITIGATION | Case No. 8:25-cv-00411-DOC-JDE<br>[*Discovery Document: Referred to Magistrate Judge John D. Early]*<br><br>**L.R. 37-2 JOINT STIPULATION REGARDING DEPOSITION OF NONPARTY CATHERINE PANANIDES**<br>Date: October 29, 2026<br>Time: 10:00 AM<br>Courtroom: 6A<br>Discovery Cut-Off: March 19, 2027<br>Pretrial Conf. Date: October 4, 2027<br>Trial Date: November 3, 2027 |

## TABLE OF CONTENTS


I. PRELIMINARY STATEMENTS .......... 4

A) Ms. Pananides's Preliminary Statement .......... 4

B) Plaintiff's Preliminary Statement .......... 5

C) Defendants' Preliminary Statement .......... 6

II. DISCOVERY DISPUTE AND PARTIES' POSITIONS .......... 9

A) Ms. Pananides's Position .......... 9

1. Background .......... 10

2. Argument .......... 14

a. Requiring a nonparty to sit for serial depositions imposes an undue burden. .......... 14

b. There is no need to depose Ms. Pananides before substantial completion of document production—or before the Parties' upcoming mediation. .......... 15

c. Ms. Pananides now promptly seeks relief. .......... 16

3. Conclusion .......... 17

B) Plaintiff's Position .......... 17

C) Defendants' Position .......... 23

1. Background .......... 23

2. Argument .......... 26

a. Defendants are entitled to test the knowledge Plaintiff has made central to its case. .......... 26

b. Plaintiff's document requests do not justify postponing the deposition. .......... 28

i. Depositions may be taken before substantial completion of document production. .......... 29

ii. No additional documents are needed to test Ms. Pananides' personal knowledge. ... 29

iii. Plaintiff will not be prejudiced by the deposition proceeding on October 14. ... 31

c. The possibility of a second deposition does not establish good cause to postpone the first. ... 33

3. Conclusion ... 34

## JOINT STIPULATION

Pursuant to Local Rule 37-2, Nonparty Catherine Pananides ("Ms. Pananides" or "Movant"), Defendants Liam K. Griffin, Kris Sennesael, and Skyworks Solutions, Inc. ("Defendants"), and Plaintiff Louisiana Sheriffs' Pension & Relief Fund ("Plaintiff" and, together with Defendants, the "Parties"), by and through their respective counsel, hereby submit this Joint Stipulation regarding the deposition of Ms. Pananides.

## I. PRELIMINARY STATEMENTS

### A) Ms. Pananides's Preliminary Statement

Ms. Pananides is a nonparty to this action, who seeks the Court's intervention to ensure that she is not unduly burdened by the Parties' discovery requests, including to ensure that Ms. Pananides will not sit for a deposition on more than one date in this action. Defendants have issued a subpoena ad testificandum to Ms. Pananides, which set October 14, 2026, as the date for her deposition in this action. Plaintiff has also stated its intent to depose Ms. Pananides, although has indicated it intends to do so after the October 30, 2026, deadline for the parties to substantially complete their production of documents (which would include documents relevant to Ms. Pananides's deposition).

Ms. Pananides is available on October 14, 2026, and otherwise has availability in advance of the March 19, 2027, close of fact discovery. Defendants have not yet produced any documents, and the Parties remain at odds over the scope and timing of Defendants' document productions. Ms. Pananides has no stake in those disputes. If she is deposed before those disputes are resolved, however, and the Parties subsequently complete their productions, it is likely that one or both sides will seek to depose her a second time. To avoid any doubt or confusion, Ms. Pananides does not, and will not, agree to be deposed more than once. Accordingly, Ms. Pananides seeks a protective order under Rule 26(c) of the Federal Rules of Civil Procedure to

ensure that she be deposed only once, on a date after substantial completion of document discovery.

**B) Plaintiff's Preliminary Statement**

Plaintiff does not seek to prevent Ms. Pananides's deposition. The only dispute is timing. Plaintiff agrees that Ms. Pananides should be deposed only once, and that her deposition should take place after the October 30, 2026 deadline for substantial completion of document discovery. Ex. 1 at 15. That is why Plaintiff cross-designated Ms. Pananides's deposition for December 1, 2026, which is approximately one month after the substantial completion date. Defendants refused that date, or any reasonable compromise between October 30 and December 1.

The only reason why Defendants insist on rushing the deposition of Ms. Pananides is that the parties have an upcoming mediation on October 21, 2026. That, of course, is no basis to conduct a deposition prior to the substantial completion date. That is particularly true here, where Defendants are the sole party with access to any documents concerning Ms. Pananides and have produced only a fraction of responsive discovery documents to date (approximately .03%-.08% of the total document population). Defendants should not be able to exploit their asymmetrical access to the discovery record, or to make unilateral pronouncements that Plaintiff does not need additional discovery to depose Ms. Pananides. This is especially true because Ms. Pananides is a potential trial witness whose deposition will serve as her trial testimony because she lives more than 100 miles from the courthouse. It is thus important that she be deposed with the benefit of substantially complete document discovery, as the deposition will serve as her trial testimony.

Fact discovery does not close until March 19, 2027. Waiting a few weeks past substantial completion to depose a potential trial witness will not prejudice Defendants' ability to build the discovery record. It will also ensure that Ms. Pananides is deposed only once, with both parties having the same access to

relevant documents. That will assist the truth-seeking process because she will be deposed with a far more complete documentary record. Defendants remain free to argue in mediation how they expect Ms. Pananides's deposition to impact the case without prejudicing Ms. Pananides or Plaintiff.

**C) Defendants' Preliminary Statement**

Catherine Pananides is Plaintiff's star witness and Defendant Skyworks' former employee. Defendants are entitled to depose her now. Neither Plaintiff nor Ms. Pananides identifies a basis under the Rules to postpone her properly subpoenaed deposition.

Plaintiff's securities fraud claims concern Skyworks' "content position," its share of the components in Apple's iPhones 16 and 17. Plaintiff alleges that Skyworks, a longtime Apple supplier, and its former CEO and CFO, misled investors by representing that its content position in the iPhone 16 and iPhone 17 was secure, despite knowing of upcoming content position losses. That theory turns on timing: Plaintiff must show that Skyworks learned of the upcoming losses for each iPhone before Defendants made the challenged statements. On that critical question, Plaintiff stakes its case on a purported timeline drawn from statements attributed to "FE 1," a former Skyworks employee, who left Skyworks one month into the class period. The Court relied substantially on that timeline in denying Defendants' motion to dismiss.

Ms. Pananides is the only former Skyworks employee whose title, role, work locations, and employment dates match the Complaint's description of FE 1. Neither she nor Plaintiff has denied that she is FE 1, and her counsel has confirmed that she considers the allegations attributed to FE 1 accurate. Defendants dispute that she had the visibility into Skyworks' content position that the Complaint attributes to her, and they are entitled to test the basis and limits of her asserted knowledge under oath.

Defendants have diligently sought to question Ms. Pananides for the better part of a year. She repeatedly refused an interview, even though she had previously signed

a severance agreement that required her to cooperate with the Company. After the PSLRA discovery stay was lifted, Defendants issued a deposition subpoena to Ms. Pananides on July 13, 2026—the first day the parties' agreement permitted third-party discovery. When Ms. Pananides' counsel rejected the noticed deposition date of August 28 and offered no alternative in September, Defendants agreed to the October 14 date her counsel proposed. That was one of the two earliest dates her counsel made available.

Defendants likewise accommodated every reasonable request concerning the examination itself in order to proceed promptly with her deposition on October 14. Defendants agreed to proceed remotely and to exclude the subjects of Plaintiff's work-product objection. With those subjects excluded, Defendants have understood that the deposition will focus on Ms. Pananides' personal knowledge of the allegations the Complaint attributes to FE 1, including her role at Skyworks, what she knew about the timeline on which Skyworks learned its iPhone content position from Apple, and how she came to know it. Defendants also agreed to produce responsive documents from Ms. Pananides' custodial file in advance of the deposition, and did so on October 2.

Only after Ms. Pananides offered a date and Defendants had conceded to all of the conditions precedent set by counsel—and six weeks after notice of the subpoena—did Plaintiff belatedly insist the deposition must await substantial completion of Skyworks' document production for the entire case. But Plaintiff has not explained what additional documents are needed to examine Ms. Pananides. Indeed, notwithstanding that Plaintiff's counsel has spoken with Ms. Pananides about the issues in this case, Plaintiff has not even identified which of its own requests for production seek documents that might be relevant to her testimony. Plaintiff's objection on the basis of a purported need for documents beyond those Skyworks has already produced is contrived for delay. The effect of that delay—compounded by

Ms. Pananides's decision to wait until September 28 to seek relief—is that the earliest hearing date available under the Local Rules, which require a discovery motion to be noticed for hearing at least twenty-one days after filing, now falls after the noticed October 14 deposition. *See* L.R. 37-3. Neither Plaintiff nor Ms. Pananides should obtain through delay the postponement that they cannot justify on the merits of their position.

Nor may *Plaintiff's* desire to depose Ms. Pananides after substantial completion of document production dictate the timing of *Defendants'* discovery. Rule 26 expressly provides that, unless the Court orders otherwise, "methods of discovery may be used in any sequence," and "discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3).

Ms. Pananides identifies no undue burden from the October 14 deposition itself. Her objection rests on the possibility of a second one. But the Rules already protect her: no party may depose her again without leave of Court, which the requesting party must justify. Fed. R. Civ. P. 30(a)(2)(A)(ii). If Plaintiff actually ever seeks a second deposition, that request should be decided on its own showing at that time—not used now to displace a properly noticed first deposition that no one contends is burdensome.

Given that discovery is open, Ms. Pananides and all counsel are available on October 14, and the lack of burden in proceeding on that date, Defendants are not required to provide any justification for the timing of their properly noticed deposition. However, as Defendants have explained to both Ms. Pananides and Plaintiff, Defendants do have a very good reason for not wanting to wait to depose her until after the substantial completion of document production. Namely, the parties are scheduled to mediate on October 21, and Plaintiff's motion for class certification is due on November 13. Defendants are entitled to test the knowledge Plaintiff has made central to this case before both of those events occur. Accordingly, the Court

should deny the motion and order the deposition to proceed on October 14 on the terms Defendants have proposed.

## II. DISCOVERY DISPUTE AND PARTIES' POSITIONS

**<u>Issue in Dispute:</u>** Whether the deposition of Ms. Pananides should go forward before the October 30, 2026, substantial completion of document discovery.

### A) Ms. Pananides's Position

Ms. Pananides, a former Skyworks employee, does not seek to avoid her deposition. She asks only that she be deposed no more than once. Given the current posture of the case in early discovery, with multiple discovery disputes pending between Plaintiff and Defendants, and the Parties each having stated their intent to depose Ms. Pananides, it is likely that one (or both) sides will seek to depose her again later in the case. Ms. Pananides should not be deposed before substantial completion of document discovery—currently set for October 30, 2026 under the case schedule, Ex. 1 at 15—if there is a reasonable likelihood that her deposition will be sought again once the Parties' own discovery disputes are resolved and the Parties complete their document productions.

As a nonparty, Ms. Pananides should not bear the undue burden of being deposed multiple times because one Party insists on proceeding prematurely. The fact discovery cutoff is not until March 19, 2027, and no Party has identified any compelling need to depose Ms. Pananides before substantial completion. Instead, Defendants have stated that they seek to depose Ms. Pananides in advance of a scheduled mediation session. Declaration of Adam Hollander ("Hollander Decl.") ¶ 17. That session is not Ms. Pananides's concern. To the extent that Defendants seek to depose Ms. Pananides in order to inform their assessment of this case and its settlement value, it is always the case that parties considering settlement must make decisions on incomplete information that they would have at a later stage of the litigation. Moreover, Defendants did not even identify Ms. Pananides in their Rule

26(a)(1) initial disclosures as an individual likely to have discoverable information. Hollander Decl. ¶ 16. If Defendants believe they need to depose Ms. Pananides before a mediation session, they may re-schedule the mediation or produce the documents relevant to her in advance of their noticed deposition date. But there is no legal basis to compel her deposition to move forward before the mediation and before documents have been produced, with a likely dispute over a second deposition looming.

Ms. Pananides therefore seeks a protective order under Federal Rule of Civil Procedure 26(c) providing that she be deposed only once, on a date after October 30, 2026, assuming the parties in fact substantially complete their document productions by that date.

**1. Background**

While the motion to dismiss in this case was pending and discovery was therefore stayed under the PSLRA, Defendants demanded a three-hour "interview" of Ms. Pananides. *See, e.g.*, Exs. 2 and 3. Defendants asserted that she must be the former employee referred to as "FE 1" in Plaintiff's Complaint. Ex. 2. In an attempt to compromise, Ms. Pananides provided her cooperation to Skyworks by reviewing and confirming the allegations in Plaintiff's complaint. Ex. 4. Although Skyworks disputed that Ms. Pananides had met any "cooperation" obligations she had to the Company, Ex. 3, Skyworks waited until discovery was underway to serve a subpoena on Ms. Pananides. Exs. 5 and 6.

After the Court substantially denied Defendants' motion to dismiss, Defendants served Ms. Pananides with a deposition subpoena on July 13, 2026. *See* Ex. 5. On July 28, 2026, Ms. Pananides's counsel wrote to Defendants, explaining that Ms. Pananides agreed to sit for a deposition at an appropriate time, but that there was no basis to insist on a date months before the close of fact discovery and before substantial completion of document production, especially when the parties' upcoming mediation session could obviate the need to impose burdensome discovery

obligations on Ms. Pananides. Ex. 7. In addition, based on the topics of discovery that Defendants stated that they sought from Ms. Pananides, it became apparent that the subpoena to Ms. Pananides raised "issues that concern Plaintiff and Plaintiff's counsel, including issues concerning work product protections and case management." Ex. 8 at 3 (August 7, 2026 Email from A. Hollander).

Counsel for Ms. Pananides and the Parties met and conferred on August 12, 2026, in a good-faith effort to compromise. Hollander Decl. ¶ 15. Contemporaneous with those conferences, at Defendants' request, counsel for Ms. Pananides provided dates in October when she would be available for a deposition, on the understanding that the parties would continue to work through discovery negotiations and resolve their disputes. Ex. 9 (August 20, 2026 Email from A. Hollander).

On August 21, 2026, Defendants proposed terms for a deposition to proceed on October 14, 2026. Ex. 10 at 13–14 (Email Chain Re: Offer to Compromise re Pananides Deposition). Those terms included limits on topics concerning any communications Ms. Pananides had with Plaintiff (consistent with caselaw in this circuit; *see, e.g.*, *In re BofI Holding, Inc. Sec. Litig.*, 2021 WL 3700749, at *4 (S.D. Cal. July 27, 2021) ("the relevance of the [confidential] witnesses' testimony is their knowledge of the ***underlying facts***" of the alleged fraud, not "their participation—months or even years later—in plaintiff's counsel's prefiling investigation.") (quotation omitted)), as well as a commitment that "if any documents to/from her or from her custodial file are produced in this litigation, we will provide them to her counsel in advance of the deposition." Ex. 10 at 13. Defendants added that they "cannot say at this time if there will be any such documents produced." *Id.*

On August 25, 2026, Ms. Pananides accepted those terms on an ***express condition***: "assuming there is no dispute with the Plaintiff on these terms." *Id.* at 12. On August 26, 2026, Plaintiff raised objections and disagreed with the proposed October 14 date. *Id.* at 9–11. Specifically, Plaintiff stated that it intends to cross-

designate Ms. Pananides for deposition after the October 30, 2026, deadline for substantial completion of document discovery, and advised that, absent adequate production before the deposition, Plaintiff "will need to conduct our deposition of Ms. Pananides following document production." *Id.* at 3–4, 9. According to Plaintiff's September 17 email, "Defendants have not produced a single substantive document." *Id.* at 3. Plaintiff also raised other discovery issues that, in their view, should be resolved before Ms. Pananides's deposition, such as "whether Defendants intend to question her about a time period that [they] have repeatedly claimed is irrelevant and have so far refused to produce responsive documents." *Id.* at 10.

The Parties' discovery disputes persisted. On September 10, 2026, counsel for Ms. Pananides inquired whether the parties had made any progress in resolving their disputes around Ms. Pananides. *Id.* at 5. Counsel for Ms. Pananides further noted that "absent some agreement on the scope of production and then the actual production of Ms. Pananides's documents, there is a very real risk that she would need to appear multiple times and/or for multiple depositions," which would not be acceptable to Ms. Pananides. *Id.* at 5–6.

Ms. Pananides's position is that the parties' agreement as to the circumstances of the deposition is essential to ensuring that she is only deposed once. To date, however, the Parties' discovery disputes are still unresolved. On September 25, 2026, counsel for Ms. Pananides sent the parties a letter concerning the dispute pursuant to Local Rule 37-1, and the parties met and conferred. Ex. 11 (September 25, 2026 Letter from A. Hollander); Hollander Decl. ¶ 18. In that letter, Ms. Pananides proposed possible solutions that would avoid Court intervention, "provided that both Plaintiff and Defendants confirm that the deposition will be her only deposition in this Action":

1. The deposition proceeds on a mutually agreeable date after the October 30, 2026 substantial-completion deadline. This is Ms. Pananides's preference, as it is the option most likely to avoid a second deposition. It

is also more customary than the accelerated deposition timing that Defendants seek.

2. The deposition proceeds on October 14, and all documents relevant to Ms. Pananides's and her testimony—custodial or non-custodial—are produced by October 7, 2026.

3. The deposition proceeds on October 14, limited in scope to Ms. Pananides's personal knowledge of allegations in the Complaint.

Ex. 11 at 4. In the meet-and-confer, Defendants indicated that option 1 was unacceptable, and that they believe they are moving ahead under options 2 and 3. Hollander Decl. ¶ 19. Plaintiff disputed that Defendants had actually satisfied their obligations under options 2 and 3. *Id.* The Parties thus remain at an impasse as to the deposition of Ms. Pananides.

The Parties' ongoing disputes demonstrate how undeveloped discovery remains at this early stage of the case, including concerning issues that will bear on Ms. Pananides's deposition but in which she has no stake. For example, the Parties dispute whether Defendants will produce documents concerning Skyworks's content position and its relationship with Apple before June 1, 2023. Ex. 10 at 10 (August 26, 2026 email from R. Kravetz). Defendants contend that period, which Ms. Pananides's employment predates, is irrelevant. Ex. 10 at 8 (August 27, 2026 email from J. Bartlett). In addition, Defendants have described the scope of their production as "still under negotiation between the parties." Ex. 10 at 7. In recent communications, Plaintiff reported that it did not yet have Defendants' proposed search terms, and that Defendants had only just proposed a meet-and-confer regarding a document search protocol. Ex. 10 at 3 (September 17, 2026 email from R. Kravetz). According to Plaintiff, as of September 17, 2026, "Defendants have not produced a single substantive document." *Id.* And during the September 25 conference, Plaintiff indicated that it has sought to add Ms. Pananides's former supervisor as a document

custodian, but Defendants had not responded as of that date. Hollander Decl. ¶ 20.

During the September 25 conference, Plaintiff and Defendants were unable to agree on an appropriate scope of Ms. Pananides's deposition. *Id.* ¶ 21. Counsel for Defendants listed several broad topics that they would seek to ask Ms. Pananides about, and counsel for Plaintiff responded that the described scope extended to topics that are still the subject of the parties' negotiations regarding document productions. *Id.*

Although Ms. Pananides does not have a stake in these disputes, their existence and the early stage of discovery make it likely that one or both sides will seek to depose Ms. Pananides a second time. Plaintiff has already stated that it intends to cross-designate Ms. Pananides for a deposition after the substantial completion date and that, absent a timely production of documents, "we will need to conduct our deposition of Ms. Pananides following document production." Ex. 10 at 3–4, 9.

The nature of these disagreements makes it likely that Ms. Pananides's deposition will be sought a second time, if she were to sit for deposition before substantial completion. Ms. Pananides will not agree to be deposed twice.

**2. Argument**

**a. Requiring a nonparty to sit for serial depositions imposes an undue burden.**

Consistent with the Federal Rules of Civil Procedure and applicable case law, Ms. Pananides should not face the prospect of sitting for multiple depositions. Requiring a witness to sit for serial depositions poses an undue burden on the witness. Rule 30(a)(2)(A)(ii) bars deposing a witness who has already been deposed in the case without leave of court, and Rule 45(d)(1) requires that a party serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense" on the recipient. Case law recognizes that repeat depositions are disfavored, even for parties. *Graebner v. James River Corp.*, 130 F.R.D. 440, 442 (N.D. Cal. 1989) (granting

protective order and barring second deposition of plaintiff). Repeat depositions are particularly disfavored "when the first one was scheduled early in the discovery process, such that later discovery production was likely." *PlayUp, Inc. v. Mintas*, 344 F.R.D. 429, 433, 436 (D. Nev. 2023).

Those admonitions against serial depositions apply with greater force to depositions of nonparties such as Ms. Pananides. *See, e.g.*, *Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) (restrictions on discovery "may be broader when a nonparty is the target of discovery," which should be "more limited to protect third parties from harassment [or] inconvenience") (cleaned up); *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014) ("'[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating'" burdens under Rule 45 (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)).

Plaintiff has repeatedly objected to Defendants' accelerated timing before document production, and Defendants have not identified any specific reason for the urgency. Defendants' only argument as to why the deposition must proceed on October 14 is that they should be permitted to depose Ms. Pananides in advance of the Parties' mediation session. But a party's "tactical decision" to depose a witness early does not justify a later, second deposition. *Bookhamer v. Sunbeam Prods. Inc.*, 2012 WL 5188302, at *3 (N.D. Cal. Oct. 19, 2012); *see also Albornoz v. Wal-Mart Assocs., Inc.*, 2023 WL 5613518, at *2 (E.D. Cal. Aug. 30, 2023). Nonparty Ms. Pananides's protections against undue burdens should not yield to Defendants' strategic litigation tactics.

**b. There is no need to depose Ms. Pananides before substantial completion of document production—or before the Parlikties' upcoming mediation.**

Ms. Pananides's proposed resolution to delay her deposition until after

substantial completion would move the deposition by only a matter of weeks. Fact discovery does not close until March 19, 2027. (ECF No. 96 at 1.) There is no apparent urgency, and no reason "as to why the deposition cannot be rescheduled to allow a full document production." *Feldman's Med. Ctr. Pharmacy, Inc. v. Carefirst, Inc.*, 2010 WL 3396868, at *1–2 (M.D. La. Aug. 24, 2010) (granting motion to quash deposition and ordering that it "may be reset to occur after" a scheduled mediation session because "there is no urgency" with the discovery deadline two months away). Defendants, who did not even identify Ms. Pananides in their initial disclosures as an individual likely to have discoverable information, and have not produced any relevant documents, have not offered any compelling reason why the deposition must occur in advance of the Parties' upcoming mediation.

**c. Ms. Pananides now promptly seeks relief.**

It has only now become clear that the Parties will not resolve their disputes. Ms. Pananides's agreement to an October 14 deposition was expressly conditioned on Plaintiff's agreement to the terms Defendants proposed. Ex. 10 at 12 (August 25, 2026 Email from A. Hollander). Plaintiff did not agree. Ex. 10 at 9 (August 26, 2026 Email from R. Kravetz). At that point, Ms. Pananides reasonably expected the Parties to work out their disagreements, particularly given Defendants' apparent urgency to take this deposition and representation that "[t]he parties have also made progress in their discussion of scope of production[.]" Ex. 10 at 4 (September 14, 2026 Email from J. Bartlett). Ms. Pananides made clear that she would not appear more than once, and she asked the parties for updates on their negotiations. Ex. 10 at 5–6 (Sept. 10, 2026 email from A. Hollander). Only at the September 25 conference did it become clear that the Parties remain at an impasse and their disputes will not be resolved before October 14. Ms. Pananides accordingly seeks judicial intervention now, so that the scheduling of her deposition can promptly be resolved.

**3. Conclusion**

Ms. Pananides respectfully requests that the Court enter a protective order providing that:

(1) She shall be deposed only once in this Action, in a single deposition at which Plaintiff and Defendants may each examine her, and no party may depose her again absent leave of Court on a showing of good cause; and

(2) Her deposition shall not proceed before October 30, 2026, and shall be scheduled thereafter on a date agreeable to Ms. Pananides and the parties, once the parties have substantially completed document production.

**B) Plaintiff's Position**

Ms. Pananides accurately recounts the factual background, and her legal analysis demonstrates why her deposition should proceed on a mutually agreeable date a few weeks after the October 30, 2026 substantial completion deadline. Plaintiff writes to give the Court some additional context regarding why the deposition should not proceed until after substantial completion.

First, this is not a situation where Defendants can use Ms. Pananides's deposition to "unmask" her as the witness labeled FE 1 in the Complaint. Judge Carter has forbidden defendants in a securities fraud case from seeking discovery as to whether a particular witness is a former employee identified in a complaint. *Ferruza v. MTI Tech.*, 2002 WL 32344347, at *1, 5-6 (C.D. Cal. June 13, 2002) ("[T]he magistrate judge's order compelling disclosure of the identities of the former employees referenced in the SACC is contrary to law"). Such evidence is protected work product. *Id.*; *see also In re Ashworth, Inc. Sec. Litig.*, 213 F.R.D. 385, 386 & n.1 (S.D. Cal. 2002) (citing *MTI* in refusing production of the "names of current or former employees . . . who provided information regarding the allegations contained in the [complaint]"). But more relevant here, Judge Carter recognized that "there are important public policy concerns implicated by disclosure of former employees," who

"could face serious consequences if their identities were revealed by plaintiff's counsel." *MTI*, 2002 WL 32344247, at *5. Those consequences are apparent in this case, where Skyworks repeatedly sought to compel Ms. Pananides to meet with them under the guise that she violated her severance and non-disclosure agreements. Fortunately, Ms. Pananides has legal counsel, who rebuffed those attempts. And as defense counsel acknowledged in a letter, Ms. Pananides, without confirming whether she is FE 1, "reviewed FE 1's allegations in the complaint and believes they are accurate to the best of her knowledge." Ex. 2; *see also* Ex. 4.

While Defendants may portray their agreement not to ask Ms. Pananides in her deposition whether she is FE 1, or whether she spoke with Plaintiff's counsel pre-Complaint, as some type of compromise position, it is not. They are required to refrain from those inquiries under *MTI.*[1]

Second, Defendants have taken the consistent position that discovery regarding events predating March 1, 2023 is not relevant to the case. Most of the allegations in the Complaint attributable to FE 1 relate to historical information about the general timing in which Skyworks learned of content decisions for earlier versions of the iPhone. This is likely why Defendants have never included Ms. Pananides in their initial disclosures as someone likely to have discoverable information.

When pressed regarding the scope of any potential deposition, however,

[1] In a footnote *infra*, Defendants seek to undermine *MTI*, calling it "far from controlling." But Judge Carter authored *MTI*, which numerous courts have followed over the past twenty-five years—including recently in this district. *Xsolla (USA), Inc. v. Aghanim, Inc.*, 2026 WL 2465185, at *6 (C.D. Cal. July 29, 2026) (relying on *MTI* in refusing to order a plaintiff "to provide a narrative response describing the details of an investigation undertaken at the direction of counsel, such as who was interviewed, which systems were reviewed, and what access records were examined," as the defendant "cannot ask [the plaintiff] to identify which witnesses were interviewed during an investigation undertaken at the direction of counsel"). It is no "compromise" to follow the long-established precedent of the presiding judge.

Defendants confirmed that they seek to depose Ms. Pananides not only about her knowledge of historical content decisions, but also about events between March 1, 2023 and her departure from the Company in September 2023. They have also now included Ms. Pananides as a document custodian. Defendants' focus on Ms. Pananides's knowledge of post-March 2023 events makes her a potential trial witness. Because she lives more than 100 miles from the courthouse, her deposition will serve as her trial testimony. Fed. R. Civ. P. 32(a)(4)(B). That deposition should be taken only on a fully-informed record, meaning after the substantial completion of document production.

Yet, Defendants' requested October 14 deposition date would give them an unfair advantage and all but guarantee the need for a second deposition. This is not a situation, like that cited by Defendants *infra*, where a party with incomplete access to documents nonetheless pushes to take an early deposition and cannot later show good cause to take a second deposition due to their strategic choice. *C.f. C.R. Laurence Co. v. Frameless Hardware,* 2022 WL 2035955, at *3 (C.D. Cal. Jan. 13, 2022) (party *seeking* to proceed with early deposition "faces some risk it may not be able to fully question a deponent and the Court may not permit a second deposition").[2] Quite the opposite. Ms. Pananides's counsel informed the Parties that she does not retain *any* relevant documents from her time at Skyworks. Defendants, the party seeking the deposition, have had unilateral access to hundreds of thousands of documents from the custodial files of Ms. Pananides and other Skyworks employees.

In contrast, Plaintiff, who noticed a deposition after the substantial completion date to gain an understanding of the full record, has received a miniscule fraction of

[2] The cases cited by Defendants *infra* –*Frameless Hardware, Crews*, and *Activerain Corp.*—did not involve the situation where both parties issued a deposition subpoena to a non-party. Here, a fuller understanding of the discovery record is necessary as to Plaintiff's ability to conduct its own deposition of Ms. Pananides, not just to defend the deposition taken by an opposing party.

responsive documents to date. Defendants have stated that there are at least 350,000 responsive discovery documents based on search terms that they unilaterally selected. Plaintiff proposed additional search terms, which Defendants claim will yield approximately 600,000 more documents. The Parties continue to meet and confer on search terms and document issues, which they have not yet resolved.

Late on Friday afternoon (October 2, 2026), less than 12 days from the noticed deposition, Defendants made a small production of 305 document families relating to Ms. Pananides. Other than a handful of insurance documents, these are the only documents that Defendants have produced. Defendants, the sole Party with access to the discovery record, and a five-month head start in deposition preparation, express their unilateral view that these documents are sufficient to depose Ms. Pananides on October 14. Not so.

As an initial matter, these documents represent only a fraction—less than .03%-.08%—of the existing document population (based on the discovery population of approximately 350,000 to 950,000 documents). But beyond that, the documents provide insufficient context to take the first deposition in this Action on an expedited basis. Thirty-four of these documents are communications by lawyers in the case. Of the remaining 271 documents, multiple emails were produced separately but are part of the same email chain. The remaining production consists of emails and attached spreadsheets. The spreadsheets, which were sent to Ms. Pananides and numerous other recipients, are incredibly detailed—each consists of thousands of entries and over 25 columns, with code words, acronyms, and other internal Skyworks terminology. These documents require more than 12 days to review and require the necessary context of additional productions.

In addition, the production appears to be incomplete, even as to Ms. Pananides. For example, the Complaint includes multiple allegations that Skyworks had regular meetings where Company executives discussed Skyworks's content position, its

relationship with Apple, and its competitors. Bartlett Dec. Ex. 1 ¶¶ 38-40, 53, 182-83. One of the emails in the production references a biweekly production meeting between Ms. Pananides and her supervisor (and likely others). Plaintiff has requested that these and all other related documents, including the presentations described in detail in the Complaint, be produced in discovery. Yet, Defendants have not produced any of them (or even represented that they have searched for them). Incredibly, Defendants double-down in their submission that the remedy should be to meet-and-confer in advance of a deposition that is *supposed to occur next week* to request documents that are already the subject of existing requests for production.

As the record makes clear, Plaintiff should not be forced to commit to a single deposition of a potential trial witness based on a review of less than one-half of one percent of the discovery record. Defendants concede *infra* that "Skyworks had access to Ms. Pananides' custodial documents before Plaintiff did"; in fact, they have been building for a deposition with access to hundreds of thousands of potential documents, including the detailed spreadsheets that they seek to minimize, *for at least five months* since the Court denied the motion to dismiss on May 6, 2026. Nonetheless, they claim that Plaintiffs should reconstruct the discovery record through a single witness, based on a fraction of the responsive documents before the substantial completion date, compiled using Defendants' self-selected search terms (which the Parties continue to negotiate), and with Defendants inviting a further meet-and-confer with the deposition one week away. These facts highlight that Defendants seek to examine a potential trial witness on their terms with full knowledge of the documentary record, while Plaintiff would examine her without it.

The best course is to take Ms. Pananides's deposition a few weeks after the substantial completion date to ensure that the parties have a complete record to take a deposition that will be preserved for trial. That timing gives Plaintiff a reasonable opportunity to review the full scope of Defendants' document production before the

deposition. Ms. Pananides herself describes this option as the one "most likely to avoid a second deposition" and as "more customary than the accelerated deposition timing that Defendants seek." *See supra*. Any continuation of the October 14 date would be modest (assuming Defendants satisfy their obligation to substantially complete their document productions by October 30), as fact discovery does not close until March 19, 2027.

Finally, Defendants have offered no legitimate reason for urgency, particularly given their delayed document production. Instead, they have confirmed that the Parties' mediation date is driving their timing. Defendants sought an early mediation before the Parties engaged in expensive discovery and the class certification process. Their insistence on taking this one deposition before mediation is inconsistent with that approach. If a pre-mediation deposition is truly important to Defendants, the solution would have been to seek leave to move the mediation, not to force a premature deposition. Defendants have rejected this proposal.

Defendants also now claim that Ms. Pananides' deposition is necessary to respond to Plaintiffs' class certification motion, which is due on November 13, 2026. But Defendants' response to that motion is due on December 13, 2026—which *post-dates* the deposition noticed by Plaintiff. A deposition post-dating the substantial completion date of October 30 will have no impact on Defendants' ability to respond to Plaintiff's motion.

Using Defendants' asymmetrical access to documents to rush a potential trial deposition for strategic mediation purposes is improper and prejudicial. Plaintiff should not be forced to take this deposition on an incomplete discovery record simply because Defendants want to get ahead of the mediation, or to use the deposition for non-trial-related purposes. The Parties should take this trial deposition with equal access to relevant documents for both Ms. Pananides and other custodians.

***

Plaintiff agrees with Ms. Pananides that the prudent course is a single deposition on a mutually agreeable date after the October 30, 2026 substantial completion deadline. That approach avoids a second deposition, avoids burdening a nonparty, and allows both Parties to examine Ms. Pananides on a complete record.

### C) Defendants' Position

#### 1. Background

The Complaint attributes to FE 1 a purported timeline under which Skyworks learned of its iPhone 16 and iPhone 17 content losses before Defendants made the challenged statements. Bartlett Decl. Ex. 1 (ECF No. 59 ¶¶ 38–43, 49–54, 182–83). Ms. Pananides alone matches the Complaint's description of FE 1; neither she nor Plaintiff has denied the identification; and her counsel has represented that she considers the FE 1 allegations accurate. Plaintiff has also named her in its amended initial disclosures.[3] Hollander Decl. Ex. 10 at 7. Ms. Pananides is the foundation of Plaintiff's entire case.

Defendants' efforts to hear from Ms. Pananides began more than a year ago, on September 26, 2025, when Skyworks first asked to speak with her about the allegations attributed to FE 1. Hollander Decl. Ex. 2 at 1; Hollander Decl. Ex. 12 at 2. Through her counsel, Skyworks sought a videoconference interview, with counsel present, under the cooperation provision of her separation agreement. Hollander Decl. Ex. 12. She refused. Hollander Decl. Ex. 4. Notwithstanding her clear contractual obligations to cooperate with Skyworks, her attorney has stonewalled Skyworks' access to her for over a year now.

Nor did Defendants "wait" to subpoena her. As Ms. Pananides' counsel well

[3] Plaintiff and Ms. Pananides point to her absence from Defendants' initial disclosures. But Rule 26(a)(1)(A)(i) requires disclosure of witnesses a party "may use to support its claims or defenses." Defendants have not identified Ms. Pananides precisely because they do not believe she has the knowledge Plaintiff attributes to her. Her omission is consistent with Defendants' position—not a contradiction of it.

knows, Defendants could not subpoena Ms. Pananides any sooner than they did. The PSLRA stayed discovery until the Court's May 6, 2026 Order, *see* 15 U.S.C. § 78u-4(b)(3)(B), and the parties' agreement continued to bar third-party subpoenas until July 13, 2026. Bartlett Decl. ¶ 4. Defendants sent Ms. Pananides' counsel the deposition subpoena that very day. Hollander Decl. Ex. 8 at 9. Ms. Pananides's counsel accepted service on July 15 but stated that the noticed August 28 date would not work. *Id.* at 7–8. On July 17, her counsel agreed to propose September alternatives; none ever came. *Id.* at 4–6. Instead, on July 28, Ms. Pananides' counsel responded by urging delay on the ground that the mediation "may render the burden on Ms. Pananides completely unnecessary." Hollander Ex. 7 at 2. Defendants have explained, however, from the outset that Ms. Pananides' knowledge of the relevant facts, if any, is relevant to the defense of this case, including Defendants' assessment of the claims in advance of mediation.

In order to secure her deposition before October 21, Defendants accommodated each concern about the proposed examination raised by Ms. Pananides or Plaintiff. Defendants scheduled the deposition around the availability of Ms. Pananides and her counsel (Hollander Ex. 9 at 2–3), and agreed to proceed remotely (Hollander Ex. 10 at 10).

When Ms. Pananides and Plaintiff then raised work-product concerns, Defendants accommodated those too. In order to proceed promptly with her deposition, on August 21, Defendants agreed not to ask Ms. Pananides about her communications with Plaintiff, its counsel, or its agents; about any documents exchanged with them; or about whether she is FE 1 or made the statements attributed to FE 1. Hollander Decl. Ex. 10 at 11–12.[4] On August 25, her counsel accepted those

---

[4] Plaintiff asserts that this was no compromise because *In re MTI Tech. Corp. Sec. Litig. II*, 2002 WL 32344347 (C.D. Cal. June 13, 2002) ("*MTI*"), requires Defendants to refrain from those inquiries. But *MTI* is far from controlling. In the more than two decades since that decision, courts in this District and Circuit have held time and again

terms, subject to Plaintiff's agreement. Hollander Decl. Ex. 10 at 11.

Plaintiff received notice of the subpoena on July 13 (Bartlett Decl. ¶ 5), and its counsel attended the August 12 meet-and-confer. Hollander Decl. ¶ 15. Only on August 26, once Defendants had addressed every concern raised and it was clear the deposition would proceed, did Plaintiff raise a late-breaking contention that the deposition can only proceed following the substantial completion of document production in this case. Hollander Decl. Ex. 10 at 8–9. Defendants responded the next day, asked Plaintiff to identify the documents it claimed to need, and noted that Plaintiff had never asked to include Ms. Pananides as a custodian in the weeks of negotiations regarding document production for the case. *Id.* at 6–8. On September 17, Plaintiff demanded "equal access to relevant documents for both Ms. Pananides and other custodians" and suggested Defendants move the mediation. *Id.* at 3. But at no time has Plaintiff identified additional documents beyond those in Ms. Pananides' custodial file necessary to this deposition.

Ms. Pananides has proposed three options to the parties for her deposition. Hollander Decl. Ex. 11 at 3. The examination Defendants propose, together with the production made, satisfy the second and third of those three resolutions Ms. Pananides

---

that the identities of confidential witnesses cited in a securities complaint do not constitute work product. *See, e.g.*, *In re Cooper Cos. Inc. Sec. Litig.*, 2008 WL 11339612, at *2 (C.D. Cal. Oct. 1, 2008); *In re Amgen Inc. Sec. Litig.*, 2013 WL 12139088, at *2–3 (C.D. Cal. Dec. 2, 2013); *Shenwick v. Twitter, Inc.*, 2018 WL 8244911, at *1–2 (N.D. Cal. Nov. 27, 2018). And courts have declined to apply *MTI* where, as here, a complaint relies on confidential-witness statements "as a basis for proving Defendants' alleged misconduct." *Schueneman v. Arena Pharms., Inc.*, 2017 WL 3118738, at *7 n.3 (S.D. Cal. July 21, 2017); *see also In re Harmonic, Inc. Sec. Litig.*, 245 F.R.D. 424, 428 (N.D. Cal. 2007) (finding *MTI*'s concern "that legal strategy would be revealed by disclosing the identities" absent where plaintiffs had "already revealed their legal strategy by including the CWs' statements in the SAC"). Defendants nonetheless agreed to forgo a line of questioning supported by the weight of authority so that the deposition could proceed without delay. That is a compromise by any measure.

has proposed. *See id.*; Hollander Decl. ¶ 19. Specifically, on September 25, Defendants confirmed their examination would focus on Ms. Pananides' personal knowledge of the allegations, and committed to produce the responsive documents from Skyworks' custodial file for Ms. Pananides before October 7—a commitment they met on October 2. Bartlett Decl. ¶ 6.

This production, which Ms. Pananides was told was forthcoming, nullifies her repeated argument that "Defendants have not yet produced any documents." Many of her other statements about the stage of discovery are also stale—the Parties have reached agreement on the Relevant Time Period, the scope of document production, an AI review process, 13 custodians, and over 20 search terms. Bartlett Decl. ¶ 7. To require more, that there be no discovery disputes between the Parties at all before a third-party deposition can be taken, would be deeply impractical and would allow one party to block a third-party deposition at will, simply by manufacturing a new discovery dispute.

**2. Argument**

**a. Defendants are entitled to test the knowledge Plaintiff has made central to its case.**

Plaintiff's case is premised on FE 1's allegations. Bartlett Decl. Ex. 1 (ECF No. 59 ¶¶ 40, 49–54, 182–83). In denying Defendants' motion to dismiss, the Court relied extensively on the timeline allegations attributed to FE 1 in holding that Plaintiff sufficiently alleged falsity and scienter. Bartlett Decl. Ex. 2 (ECF No. 81 at 5–10). But that timeline holds up only if FE 1 actually knew what the Complaint says she knew.

Defendants dispute the account Plaintiff attributes to FE 1, a pre-production expeditor who left Skyworks just one month into the class period. Bartlett Decl. Ex. 1 (ECF No. 59 ¶ 38). Her role gave her neither responsibility for nor visibility into qualification, bidding, pricing, commercial negotiations with Apple, or Skyworks'

aggregate content position. In any event, the qualified, generalized timeline allegations attributed to her do not identify when Apple actually communicated its final content decisions for either the iPhone 16 or the iPhone 17. *Id.* ¶¶ 50–54.

Because Ms. Pananides' asserted understanding of the process differs fundamentally from Skyworks' understanding (Hollander Decl. Ex. 12), Defendants need to discover what she personally observed, what she learned from others, and the basis for the timeline attributed to her. Her answers will inform the defense and Defendants' assessment of litigation risk.

Courts permit this type of discovery. *See Crews v. Rivian Auto., Inc.*, 2023 WL 9420834, at *1 (C.D. Cal. Sept. 11, 2023) (denying securities plaintiffs' motion to stay former-employee depositions pending substantial completion of document discovery). Moreover, testing former-employee allegations early can determine not just how a case proceeds, but whether it proceeds at all. In *Weston v. Docusign, Inc.*, a securities complaint that relied on confidential-witness allegations to survive dismissal was later dismissed with prejudice after defendants challenged the accuracy of those allegations and the plaintiffs' amended complaint, repleaded without them, failed to state a claim. 2026 WL 194400, at *1–3 (N.D. Cal. Jan. 26, 2026).

Here, the need for Ms. Pananides' testimony is especially immediate. The parties will mediate the case on October 21, 2026. Whether Ms. Pananides' knowledge supports Plaintiff's timeline bears directly on Defendants' assessment of the case and any proposed resolution. This is exactly the purpose of discovery: "assisting in the preparation and trial, or the settlement, of litigated disputes." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). No argument presented justifies delaying testimony from an available witness who Defendants believe is relevant to the defense and potential settlement of this case and who Defendants have diligently pursued.

Ms. Pananides' view that the mediation "is not [her] concern" and that

Defendants do not have a "compelling need" to take her deposition before mediation because "it is always the case that parties considering settlement must make decisions on incomplete information that they would have at a later stage of the litigation" are irrelevant. Defendants are not required to show a "compelling need" for the timing of their deposition, and whether Ms. Pananides thinks Defendants' reasons are sound or not does not matter.

Nor, contrary to Ms. Pananides' assertion, is mediation Defendants' "only" reason for seeking her deposition now. From the outset, Defendants have explained that this testimony bears on their defense and on their assessment of the case. Furthermore, Plaintiff's class certification motion is due November 13, 2026. Defendants should be able to assess the evidentiary basis for Plaintiff's central allegations before responding to that motion, including any implications for adequacy under Fed. R. Civ. P. 23(a)(4) and the propriety of the class definition. The effect of postponing the deposition until after substantial completion would be to leave Plaintiff's central factual premise untested through both events.

Finally, Defendants need not accept Plaintiff's preferred sequence of discovery. Ms. Pananides' interests as a nonparty warrant protection from undue burden—but they do not grant her or Plaintiff control over Defendants' litigation strategy. No authority she cites supports postponement on that basis.

**b. Plaintiff's document requests do not justify postponing the deposition.**

Ms. Pananides "does not seek to avoid her deposition," is available on October 14, and can appear remotely for one day. Defendants accommodated the availability of Ms. Pananides and her counsel in selecting a deposition date, narrowed the examination, committed to advance production of her responsive custodial documents, and made that production on October 2, nearly two weeks before the deposition. Those accommodations satisfy Rule 45(d)(1)'s requirement to take

"reasonable steps" to avoid undue burden. The remaining objection is to sequence: Ms. Pananides insists that this deposition follow substantial completion of document discovery for the entire case, based on a hypothetical concern that *Plaintiff* will seek to depose her a second time if Plaintiff is not allowed to pick the timing of her deposition. That preference—by either Ms. Pananides or Plaintiff—does not establish good cause.

**i. Depositions may be taken before substantial completion of document production.**

Under Rule 26(d), "methods of discovery may be used in any sequence" and "discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3). As such, "there is nothing improper with [parties] seeking depositions prior to the completion of other discovery." *C.R. Laurence Co. v. Frameless Hardware Co.*, 2022 WL 2035955, at *3 (C.D. Cal. Jan. 13, 2022); *see also Crews*, 2023 WL 9420834, at *1 (finding no good cause to delay depositions of former employees until document production was substantially complete (citing Fed. R. Civ. P. 26(d)(3))); *Activerain Corp. v. Move, Inc.*, 2008 WL 11343023, at *3–4 (C.D. Cal. Apr. 29, 2008) (explaining that "[d]epositions and other discovery may generally proceed in any sequence," and finding no good cause to postpone depositions where plaintiff argued that "document discovery in general has not concluded"); *Cornelius v. Eberstein & Witherite, LLP*, 2014 WL 4661977, at *4–5 (N.D. Tex. Sept. 19, 2014) (compelling deposition of a "central or material fact witness" before completion of written discovery). There is therefore no categorical reason Ms. Pananides' deposition should be delayed until after substantial completion of document production.

**ii. No additional documents are needed to test Ms. Pananides' personal knowledge.**

Nor is there anything about Ms. Pananides' deposition in particular that

mandates it must wait until after full document production. To the contrary, Defendants have agreed to a *limited* scope for Ms. Pananides' deposition and have agreed not to ask about any subjects over which Plaintiff claims work-product protection. Instead, the examination will ask Ms. Pananides about her own experiences. No document production at all is necessary for such a deposition, since the allegations in the Complaint attributed to FE 1 were purportedly based on FE 1's personal knowledge, not any document discovery. *See Houserman v. Comtech Telecomms. Corp.*, 2019 WL 6052407, at *2 (W.D. Wash. Nov. 15, 2019) (agreeing with defendants that "the purpose of a fact deposition like this is to question [the deponent] about her personal knowledge about her allegations . . . which she laid out in her Complaint without access to any documents" later sought in discovery, and allowing deposition to proceed before document discovery was "substantially completed" (citation omitted)). But even if *some* document production were relevant to Ms. Pananides' deposition, Defendants have already produced the documents from her custodial file that Plaintiff contends are relevant to FE 1's allegations (as evidenced by the agreed-upon scope of production in response to Plaintiff's requests for production). Whatever the files of Skyworks' other custodians may show about what Apple decided and when, they cannot alter what Ms. Pananides herself observed, was told, or believed while she worked there.

Indeed, Plaintiff has had repeated opportunities to explain what more it needs. It generically invokes "adequate discovery" and "equal access" to documents, but has not explained what additional material is necessary to examine Ms. Pananides about her personal knowledge. Hollander Decl. Ex. 10 at 3, 9; Hollander Decl. ¶¶ 19–21. Defendants are not asking Plaintiff to identify an unseen document by name. They are asking it to identify the type of information it needs and explain why her examination must await it. Plaintiff's own prior access to Ms. Pananides put it in the best position to do just that and yet Plaintiff has repeatedly failed to identify any such categories of

documents or information. The only reasonable conclusion is that Plaintiff does not actually believe there are additional documents required for this deposition to proceed and is merely using the substantial completion deadline as an excuse for further delay of a deposition that will not support its allegations.

**iii. Plaintiff will not be prejudiced by the deposition proceeding on October 14.**

Plaintiff's most recent assertions of prejudice arising from a deposition prior to completion of document production are as weak as they are delayed.

Defendants' production of documents "sufficiently addresses" any purported concern of deposition by ambush. *See Cornelius*, 2014 WL 4661977, at *5. The mere fact that Skyworks had access to Ms. Pananides' custodial documents before Plaintiff did does not, without more, entitle Plaintiff to postpone her examination until document discovery ends, especially now that Plaintiff has been provided with the responsive documents from her custodial file. And, Plaintiff's other complaints about the timing and size of that production do not withstand scrutiny.

*First,* Defendants produced the responsive documents from Ms. Pananides' custodial file on October 2—five days ahead of the date to which Defendants had committed and nearly two weeks before the deposition. This is ample time to review fewer than 300 documents. Plaintiff's argument to the contrary lacks credibility in light of its assertion that "a few weeks" is sufficient time to review a substantially complete production of many thousands of documents.

*Second*, the Pananides production is not incomplete. These are ***all*** of the documents identified in Ms. Pananides's custodial file as responsive to Plaintiff's document requests—that Plaintiff thinks there should be documents from alleged team meetings in her file does not make it so and does not justify awaiting production of every responsive document from the other custodians. Plaintiff does not identify the request for production to which it refers, explain why documents concerning such

a meeting fall within the parties' agreed scope of production, or say how they bear on Ms. Pananides' personal knowledge. Defendants produced the documents in her custodial file that are responsive to the agreed scope, applying all the same search terms they have agreed to apply to all custodians. If Plaintiff believes a category of documents is missing, the meet-and-confer process is the place to raise it—not a protective-order motion directed to a nonparty's deposition.

The mere anticipation that the volume of other responsive documents to be produced will be substantially greater than Ms. Pananides' documents does not evidence incompleteness or justify delay. As an initial matter, Plaintiff offers a misleading comparison of Ms. Pananides' *responsive* documents to the entire population of documents *to be reviewed* for responsiveness. And, in any event, that Ms. Pananides may have comparably few responsive documents does not mean that Plaintiff lacks the documents necessary to understand and question her on her relevant personal knowledge. Indeed, Defendants' expectations—that she really did not have relevant personal knowledge—are consistent with a comparably smaller production and no amount of other documents from other custodians will change the limits of her testimony.

*Third*, Plaintiff's assertion that it needs other documents as context for Ms. Pananides' documents is equally unpersuasive. The documents Plaintiff says require "context" are spreadsheets from Ms. Pananides' own files—precisely the sort of material she can address from personal knowledge. Plaintiff can ask her what they are and what they mean at the deposition.

Nor is there any information asymmetry that favors Defendants. It is Defendants, not Plaintiff, who are disadvantaged—Plaintiff has already interviewed the witness through its representatives, and Defendants have been denied that opportunity for over a year. Further, Plaintiff will have an equal opportunity as Defendants to examine Ms. Pananides at the October 14 deposition. Speculation that

later-produced documents may inspire additional questions of a witness that Plaintiff has already had opportunity to speak to is not a basis to delay a properly noticed deposition.

Finally, Plaintiff contends that because Ms. Pananides resides outside of the Court's jurisdiction to compel her to testify at trial, this deposition is somehow uniquely entitled to delay. Not so. Just because Ms. Pananides' testimony may later be used at trial under Rule 32(a)(4)(B) does not establish a need to await every other custodian's document production. Again, Plaintiff—who knows better than Defendants what Ms. Pananides will say in deposition—has not offered any specific explanation of the testimony that it fears will be incomplete on October 14.

**c. The possibility of a second deposition does not establish good cause to postpone the first.**

A party seeking a protective order "has the burden of proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" do not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted). As Ms. Pananides' own authority explains, a party claiming "undue burden or expense" must make "a specific showing of the nature and extent of the burden, usually by affidavit or other reliable evidence." *PlayUp, Inc. v. Mintas*, 344 F.R.D. 429, 439 (D. Nev. 2023) (cleaned up). "[C]ost or inconvenience, which is inherent in all discovery" is not enough; it must be "undue when weighed against the likely benefit of the discovery." *Id.* (emphasis omitted).

Ms. Pananides makes no such showing. She is available on October 14 for a remote, one-day deposition with defined limits, and she does not contend that the

examination itself is burdensome. All of her arguments and authority about burden concern the burden of a second deposition. But Defendants do not seek a second deposition of her. They seek her properly noticed first deposition, which, standing alone entails no undue burden. None of Ms. Pananides' authorities establishes a right to postpone a first deposition in order to guard against a hypothetical second one. Moreover the Rules of Civil Procedure already protect her from that hypothetical burden without any need to postpone this deposition: once she is deposed, no party may depose her again absent leave of Court and a showing of good cause. Fed. R. Civ. P. 30(a)(2)(A)(ii). If Plaintiff ever does seek to re-depose her, that request should be decided on its own showing against the applicable standard at that time—not by postponing a properly noticed deposition, set on a date she offered and on terms her counsel accepted.

**3. Conclusion**

Defendants request that the Court order the deposition to proceed on October 14, 2026 on the terms Defendants have proposed.

Dated: October 7, 2026

**BERNSTEIN LITOWITZ BERGER &GROSSMANN LLP**

By: */s/ John Rizio-Hamilton*
John Rizio-Hamilton (*pro hac vice*)
johnr@blbglaw.com
Robert Kravetz (*pro hac vice*)
robert.kravetz@blbglaw.com
Abygail Kritta (*pro hac vice*)
abygail.kritta@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

*Counsel for Lead Plaintiff Louisiana Sheriffs' Pension & Relief Fund and the proposed class*

**RUTH LLP**

By: */s/ Megan A. Maitia*
Megan A. Maitia (SBN 285271)
megan@ruthllp.com
7462 N. Figueroa Street, Suite 206
Los Angeles, CA 90041
Telephone: (213) 260-9452

**SLARSKEY LLC**
Adam Hollander (*pro hac vice forthcoming*)
ahollander@slarskey.com
Nicole Santoro (*pro hac vice forthcoming*)
nsantoro@slarskey.com
825 Third Ave., 32nd Fl.
New York, NY 10022
Telephone: (212) 658-0661

*Counsel for Nonparty Catherine Pananides*

**SIDLEY AUSTIN LLP**

By: */s/ Jaime A. Bartlett*
Jaime A. Bartlett (SBN 251825)
jbartlett@sidley.com
Sara B. Brody (SBN 130222)
sbrody@sidley.com
Matthew P. Henry (SBN 308878)
mhenry@sidley.com
Madison J. Ferraro (SBN 339624)
madison.ferraro@sidley.com
101 California Street, Suite 3500
San Francisco, CA 94111
Telephone: +1 415 772 1200

*Counsel for Defendants Skyworks Solutions, Inc., Liam K. Griffin, and Kris Sennesael*

## ATTESTATION

I, Adam Hollander, attest in compliance with Local Rule 5-4.3.4.(a)(2)(i), that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Adam Hollander*

Adam Hollander